ROB BONTA
Attorney General of California

DENNIS L. BECK, JR. (SBN 179492)
Supervising Deputy Attorney General
REBECCA HUNTER (SBN 356311)
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814-2951
 Telephone: (916) 210-7801
 Fax: (916) 327-2319
 E-mail: Dennis.Beck@doj.ca.gov
         Rebecca.Hunter.Beck@doj.ca.gov

ALICIA ROESSLER (SBN 219623)
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1256
 Telephone: (213) 269-6767
 Fax: (213) 897-2638
 E-mail: Alicia.Roessler@doj.ca.gov

*Attorneys for Plaintiff*
*State of California*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. 2:26-cv-03396 |
| *Plaintiff,* | **PLAINTIFF'S NOTICE OF RELATED CASES (L.R. 83-1.3)** |
| **v.** | |
| **CHRIS WRIGHT,** in his official capacity as Secretary of the U.S. Department of Energy; **UNITED STATES DEPARTMENT OF ENERGY,** | |
| *Defendants.* | |

Pursuant to Local Rule 83-1.3, Plaintiff State of California files this Notice of Related Cases. Those cases are the following:

1. *California Department of Parks and Recreation v. Sable Offshore Corp. and Pacific Pipeline Company*, Case No. 2:26-cv-02946-WLH-MAA ("Case 1").

2. *Sable Offshore Corp., and Pacific Pipeline Company v. Armando Quintero, in his official capacity as Director of the California Department of Parks and Recreation*, Case No. 2:26-cv-02739-AB- PVCx ("Case 2").

3. *United States of America, et al v. Plains All American Pipeline L.P. et al*, Case No. 2:20-cv-02415-SVW-SSC ("Case 3").

4. *Sable Offshore Corp., et al v. County of Santa Barbara, et al*, Case No. 2:25-cv-04165-DMG-AGR ("Case 4").

Cases 1 and 2 concern the legality of the operation of certain hydrocarbon pipelines, owned and operated by Sable Offshore Corp. ("Sable"), underground through land owned and operated by the California Department of Parks and Recreation ("State Parks"), ostensibly authorized by an order of Chris Wright, the Secretary of the United States Department of Energy, entitled *Pipeline Capacity Prioritization and Allocation Order* and issued on March 14, 2026 ("the Wright Order"). Case 1 is assigned to the Honorable Wesley L. Hsu and is set for hearing on April 24, 2026, on State Park's motion for preliminary injunction. Case 1, ECF 23. Case 2 is assigned to the Honorable André Birotte Jr. Case 2, ECF 5.

The underlying case seeks declaratory and injunctive relief as to the Wright Order and the operation of Sable's pipelines as supposedly authorized by the Wright Order. Thus, the underlying case and Cases 1 and 2 arise from closely related transactions, happenings, or events (the issuance of the Wright Order and Sable's restart and operation of its pipelines); call for a determination of similar questions of law and fact (whether the Wright Order preempts California law

Plaintiff's Notice of Related Cases

applicable to the restart and operation of Sable's pipelines); and would entail substantial duplication of labor if heard by different judges. *See* L.R. 83-1.3.1.

Case 3 involves an existing consent decree ("Consent Decree") between the United States and the State of California, as plaintiffs, and the predecessors in interest to Sable's pipelines, as defendants. The Consent Decree mandates that certain requirements be met before Sable's pipelines may be restarted and operated.

On March 16, 2026, the State of California filed an *ex parte* emergency motion to enforce the consent decree, seeking a judicial order enforcing the existing injunctive terms in the Consent Decree that prohibit Sable from operating its pipelines prior to obtaining approval from the California Office of the State Fire Marshal. Case 3, ECF 43. In response to the *ex parte* motion, the United States claimed that the Wright Order preempts California law and overrides any provision in the Consent Decree requiring compliance with California law prior to Sable's restart and operation of its pipelines. *Id*. ECF 45 at 17-20. Also in response to the *ex parte* motion, Sable claimed that the Wright Order is a force majeure event that requires the restart and operation of their pipelines despite the requirements of the Consent Decree. *Id*. ECF 44 at 22-23. The Honorable Stephen V. Wilson denied the *ex parte* motion on March 23, 2026, on procedural grounds without reaching the merits on the Writ Order. *Id*. ECF 47. The denial order noted that should the plaintiffs in the case want the Court to analyze the ability of the Court to enforce the Consent Decree in light of, in part, the Wright Order, then plaintiffs must do so through a regularly noticed motion. *Id*.

Count IV of the Complaint in the underlying case alleges that the Wright Order violates the Separation of Powers set forth in the United States Constitution between the Executive Branch and the Judicial Branch, by way of, in part, usurping the judiciary's authority to modify or reverse judicial judgments, including the Consent Decree.

Plaintiff's Notice of Related Cases

Thus, *if* additional litigation ensues in Case 3 regarding the Wright Order's impact on the injunctive provisions of the Consent Decree, then the underlying case and Case 3 would arise from closely related transactions, happenings, or events (the issuance of the Wright Order and Sable's restart and operation of its pipelines); call for a determination of similar questions of law and fact (whether the Wright Order preempts and overrides the Consent Decree's injunctive terms applicable to the restart and operation of Sable's pipelines); and would entail substantial duplication of labor if heard by different judges.

Case 4 is assigned to the Honorable Dolly M. Gee and involves a dispute over the transfer of certain permits from ExxonMobil affiliates to Sable concerning, among other infrastructure, the pipelines at issue in the underlying case and Cases 1, 2, and 3. In Case 4, Sable filed an Amended and Supplemental Verified Petition for Writ of Mandate and Complaint for Declaratory Relief and Damages on March 16, 2026. Case 4, ECF 64. The Amended Petition and Complaint includes allegations regarding the preemptive effect of the Wright Order. See *Id*., ¶¶ 110-117 and 175-189. Thus, Case 4 and the underlying case call for a determination of similar questions of law (the preemptive effect of the Wright Order as it applies to Sable's pipelines); and would entail substantial duplication of labor if heard by different judges.

Plaintiff's Notice of Related Cases

Dated: March 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DENNIS L. BECK, JR.
Supervising Deputy Attorney General
REBECCA HUNTER
Deputy Attorney General

*/s/ Alicia Roessler*
ALICIA ROESSLER
Deputy Attorney General
*Attorneys for Plaintiff State of California*

Plaintiff's Notice of Related Cases