ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Email:  Riley.Walters@usdoj.gov
Counsel
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 514-5442

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>        Plaintiff,<br><br>v.<br><br>CHRIS WRIGHT, in his official capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF ENERGY,<br><br>        Defendants. | Case No. 2:26-cv-03396-SVW-SSC<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE THE JUNE 1, 2026 HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND EXTEND THE TIME TO FILE A BRIEF IN OPPOSITION**<br><br>Hearing: June 1, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson |

*Defendants' Ex Parte Application to Continue Hearing on Plaintiff's Motion for a Preliminary Injunction*

## EX PARTE APPLICATION FOR A CONTINUANCE

Defendants Secretary Chris Wright and the U.S. Department of Energy ("Defendants") hereby apply *ex parte* under Local Rule 7-19 for a 21-day continuance of the hearing on Plaintiff's motion for a preliminary injunction, Dkt. No. 16.  Under the local rules, based on the proposed new hearing date of June 22, 2026, Defendants' opposition to Plaintiff's motion would be due June 1, 2026.  This request is brought by *ex parte* application because Plaintiff filed its motion for a preliminary injunction on the evening of Friday, May 1, 2026, and noticed a hearing for June 1, 2026—resulting in a May 11, 2026 deadline for Defendants' opposition. There is not sufficient time to seek a continuance of the hearing through a noticed motion because Defendants' deadline is next Monday, and a noticed motion must be filed no earlier than seven days after a conference with opposing counsel.  *See* C.D. Cal. L.R. 7-3.

Pursuant to Local Rule 7-19.1, Defendants notified Plaintiff of this request on May 4, 2026—the first business day after Plaintiff filed its motion.  Defendants conferred with Plaintiff and requested agreement on a stipulated extension and schedule, but Plaintiff has stated that it will not agree to an extension because of alleged irreparable harm—despite the fact that Plaintiff waited over a month to file its motion for a preliminary injunction.  Pursuant to the rule, Defendants also provide the contact information of Plaintiff's counsel:

Alicia Irene Roessler

 alicia.roessler@doj.ca.gov, 213-269-6767

 300 S. Spring Street, Suite 1702

 Los Angeles, CA 90013

Mary Haley Ousley

 maryhaley.ousley@doj.ca.gov, 510-879-3957

 1515 Clay Street, 20th Floor

1

*Defendants' Ex Parte Application
To Continue the Hearing on
Plaintiff's Motion for a Preliminary
Inunction*

Oakland, CA 94612

Rebecca Hunter

rebecca.hunter@doj.ca.gov, 916-210-7754

1300 I Street, Suite 1530

Sacramento, CA 95814

DATED:  May 5, 2026            Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Riley W. Walters*
Riley W. Walters
Email:  Riley.Walters@usdoj.gov
Counsel (DC Bar No. 90008638)
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 514-5442

*Attorneys for Defendants*

2          *Defendants' Ex Parte Application
To Continue the Hearing on
Plaintiff's Motion for a Preliminary
Inunction*

## MEMORANDUM IN SUPPORT

Defendants respectfully request that the hearing on Plaintiff's motion for a preliminary injunction, Dkt. No. 16, be continued by 21 days from June 1, 2026, to June 22, 2026. Under the local rules, the continuance of the hearing would also extend the time for Defendants to file an opposition to Plaintiff's motion by 21 days. *See* C.D. Cal. L.R. 7-9. The grounds for this motion are set forth below and in the attached Declaration of Riley W. Walters.

Good cause exists for a continuance of the hearing date and a corresponding extension of the deadline for Defendants to respond to Plaintiff's motion. Plaintiff filed suit on March 31, 2026, but waited over a month—until May 1, 2026—to seek emergency relief. On April 15, 2026, Defendants' counsel met with Plaintiff's counsel, asked whether Plaintiff intended to seek preliminary relief, and expressed interest in agreeing to a stipulated briefing schedule in advance of any motions. Walters Decl. ¶ 4. Plaintiff's counsel expressed uncertainty over whether Plaintiff would seek preliminary relief. *Id.* Two weeks later—on a Friday evening, without conferring or providing any advance notice to Defendants, and over a month after filing this action—Plaintiff filed its motion for a preliminary injunction and noticed a hearing for a date that gives Defendants close to the minimum amount of time (just over a week from when Plaintiff filed its motion) to respond. *Id.* ¶¶ 5-6.

Defendants respectfully request a continuance so that they can prepare a thorough response to Plaintiff's motion. Plaintiff submitted hundreds of pages of materials, including three declarations, with its motion, and Defendants' response will likely include additional material and declarations. *See* Dkt. Nos. 16-1, 16-3 – 16-5; Walters Decl. ¶ 9. The motion itself raises complex legal issues, including issues of first impression, under the Defense Production Act, the Administrative Procedure Act, and the U.S. Constitution, which are made all the more complex by their interplay with the several related cases before this Court. *See* Walters Decl.

1

*Defendants' Ex Parte Application To Continue the Hearing on Plaintiff's Motion for a Preliminary Inunction*

¶ 7.  Defendants and their counsel are working diligently to respond to Plaintiff's motion, but would be prejudiced if forced to respond in such a short time.  Granting this continuance would not prejudice Plaintiff, given that it waited over a month to file its motion and asserts irreparable injury based on alleged intangible harm to its sovereignty and the hypothetical *possibility* that the pipeline may spill at some point in the future.  Walters Decl. ¶ 8; Dkt. No. 16-2 at 19-21.

For these reasons, Defendants request that the hearing on Plaintiff's motion for a preliminary injunction be continued to June 22, 2026, and that the deadline for Defendants' response to Plaintiff's motion also be extended to June 1, 2026, as set forth in the attached proposed order.

DATED:  May 5, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Riley W. Walters*
Riley W. Walters
Email:  Riley.Walters@usdoj.gov
Counsel (DC Bar No. 90008638)
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 514-5442

*Attorneys for Defendants*

2

*Defendants' Ex Parte Application To Continue the Hearing on Plaintiff's Motion for a Preliminary Inunction*