ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
RILEY W. WALTERS
Email:  Riley.Walters@usdoj.gov
Counsel
U.S. Department of Justice
Environment & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  (202) 514-5442

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS WRIGHT, in his official capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF ENERGY,<br><br>Defendants. | Case No. 2:26-cv-03396-SVW-SSC<br><br>**DECLARATION OF RILEY W. WALTERS IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION TO CONTINUE THE JUNE 1, 2026 HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND EXTEND THE TIME TO FILE A BRIEF IN OPPOSITION**<br><br>Hearing: June 1, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson |

**DECLARATION OF RILEY W. WALTERS**

Riley W. Walters, pursuant to 28 U.S.C. § 1746, declares:

1. I am Counsel to the Principal Deputy Assistant Attorney General for the Environment and Natural Resources Division of the U.S. Department of Justice. I am the lead attorney for Defendants in this case.

2. This application is made under Local Rule 7-19 for an order continuing the hearing on Plaintiff's motion for a preliminary injunction, Dkt. No. 16, from June 1, 2026, to June 22, 2026, and extending the deadline for Defendants to file an opposition to Plaintiff's motion to June 1, 2026. No prior applications for a continuance have been filed by Defendants.

3. On March 31, 2026, Plaintiff filed this action in the Central District of California.

4. On April 15, 2026, I met with Plaintiff's counsel via video. I asked Plaintiff's counsel whether they intended to move for a preliminary injunction and expressed interest in agreeing to a stipulated briefing schedule in advance of any motions. Plaintiff's counsel expressed uncertainty over whether it would seek preliminary relief.

5. Over a month after filing this action, and without conferring or otherwise providing advance notice to Defendants, Plaintiff filed a motion for a preliminary injunction on Friday, May 1, 2026, at 7:52 pm ET / 4:52 pm PT. *See* Dkt. No. 16.

6. Plaintiff noticed a June 1, 2026 hearing on its motion for a preliminary injunction, which, per Local Rule 7-9, gives Defendants close to the bare minimum amount of time to respond—Monday, May 11, 2026 (just over a week after Plaintiff filed its motion).

7. Defendants seek additional time to prepare a response to Plaintiff's motion given (1) the complexity of the legal issues, which involve questions of first impression and arguments under the Defense Production Act, the Administrative

1

Procedure Act, and the U.S. Constitution; (2) the volume of materials filed with Plaintiff's motion, which include hundreds of pages and three declarations; and (3) the interplay with other legal actions before this Court that touch upon the same subject, which requires additional internal coordination.

8.    A continuance of the June 1, 2026 hearing to June 22, 2026—and a corresponding extension of Defendants' deadline to file an opposition to June 1, 2026—will not prejudice Plaintiff.  Plaintiff waited over a month to file its motion for a preliminary injunction and asserts irreparable injury based on alleged intangible harm to its sovereignty and the hypothetical *possibility* that the pipeline may spill at some point in the future.  *See* Dkt No. 16-2 at 19-21.  Defendants, however, are prejudiced by the current opposition deadline—which gives them a total of one week to review Plaintiff's motion and the hundreds of pages of attachments (including three declarations) and to prepare a response.

9.    Moreover, Defendants' response will likely include additional declarations and material.

10.    On May 4, 2026—the first business day after Plaintiff filed its motion— I conferred with Plaintiff's counsel via video conference about the reasons for this application and asked whether Plaintiff would agree to a stipulated hearing date and briefing schedule, and I informed Plaintiff's counsel that Defendants would file an *ex parte* application today if they did not agree to a stipulated schedule.  Plaintiff's counsel has informed me that Plaintiff will not agree to a continuance because of alleged irreparable harm necessitating "urgent" relief—despite the fact that Plaintiff waited over a month to file its motion for a preliminary injunction.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 5, 2026        */s/ Riley W. Walters*_____

Washington, DC                 Riley W. Walters

2