LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  +1 424.653.5500
Facsimile:   +1 424.653.5501

BABST CALLAND
  Nicholas McDaniel (*pro hac vice*)
  *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone:  +1 202.853.3455
Facsimile:   +1 202.853.3491

HOLLAND & KNIGHT LLP
  Andrew Klair (Bar No. 334960)
  *andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
  James W. Noe (*pro hac vice* forthcoming)
  *jim.noe@hklaw.com*
  Rafe Petersen (*pro hac vice* forthcoming)
  *rafe.petersen@hklaw.com*
  Matthew Z. Leopold (*pro hac vice* forthcoming)
  *matt.leopold@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

*Attorneys for Intervenors Sable Offshore Corp.
and Pacific Pipeline Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS WRIGHT et al.,<br><br>Defendants. | Case No. 2:26-cv-03396-SVW-SSCx<br><br>**RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF INTERVENORS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        June 8, 2026<br>Time:        1:30 p.m.<br>Judge:       Hon. Stephen V. Wilson<br>Courtroom:   10A |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

1

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

Intervenors Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable"), hereby submit the following responses to the objections to the declaration of J. Caldwell Flores (ECF No. 24-1).

## I.    RESPONSE TO OBJECTIONS TO THE DECLARATION OF J. CALDWELL FLORES (ECF NO. 24-1)

| | Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| 1 | "These valves reduce the worst-case potential release of oil by almost 40%." ¶ 12. | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge about pipeline safety obtained while serving in those roles. *See Xport Forwarding LLC v. Mesitis DWC LLC*, 694 F. Supp. 3d 1258, 1267 n.4 (C.D. Cal. 2023) (finding "sufficient foundation to support [declarant's] opinion testimony" in opposing a preliminary injunction because declarant was "the principal and owner of a company" in the relevant line of business and "has been involved in the [business at issue] in this case on multiple occasions"); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) (concluding that firm executive had adequate foundation for testimony about industry practice). |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* Pls.' Resp. to Sable's Objs. to Evid. Submitted in Support of Mot. for Prelim. Inj., ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 2 | "Contemporary analyses confirm that crude oil pipelines operated with limited cathodic protection are not more likely to result in oil spills or oil spills of increased size when other appropriate leak detection and prevention methods are implemented, | Inadmissible hearsay; lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 801, 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402, and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about pipeline safety. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>Plaintiff cites no case law in support of their assertions. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | such as those identified in the PHMSA Special Permit." ¶ 15. | | "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 3 | "OSFM confirmed that Sable's Operations and Maintenance Manual incorporated all procedural modifications contemplated by the Consent Decree. OSFM also confirmed that Sable has instituted a management of change plan to ensure any future procedural changes are | Inadmissible hearsay. Fed. R. Evid. 801. | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402 and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| similarly incorporated into the Operations and Maintenance Manual." ¶ 21. | | |
| 4 "OSFM . . . confirmed the enhancements satisfied all applicable Consent Decree requirements." ¶ 24. | Inadmissible hearsay. Fed. R. Evid. 801. | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402 and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 5 "These developments exacerbated an | Lack of foundation, personal knowledge; speculative; | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | already-acute oil shortage on the West Coast as recognized in Executive Order 14156, 90 Fed. Reg. 8433 (Jan. 29, 2025), creating threats to national security and domestic energy supplies." ¶ 32. | improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the oil industry. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 6 | "A court-ordered pipeline shutdown would be a difficult, complex, time-consuming process that carries additional safety risks. Sable would first need to make | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402, and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about pipeline safety and operations, including what his company would need to do in order to cease flowing oil through |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| operational adjustments at the Las Flores Canyon Facility, to allow for safe storage of produced oil. Sable would then need to cease additional oil flow into the Pipeline Segments and divert that oil to storage. Sable would next insert pipeline intervention tools ("pigs") in the Pipeline Segments to remove remaining oil and clean the lines utilizing nitrogen. Sable would then repressurize the Pipeline | | the Pipeline Segments.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also In re Kaypro*, 218 F.3d at 1075. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

7

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| Segments with nitrogen to mitigate against internal corrosion. The amount of time required for these tasks can be significant depending on the availability of the necessary nitrogen, equipment and qualified technicians. Additionally, although Sable would employ best practices if ordered to shut down the Pipeline Segments, the topography of this pipeline requires significant | | |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

8

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| planning to employ necessary safety procedures to safely purge the crude oil while avoiding over pressuring the pipelines." ¶ 53. | | |
| 7 "A business disruption of this magnitude could dramatically lower the company's share price, destroying value for shareholders, including not just institutional investors but also workers across the country whose pensions and retirement plans hold equity in | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge about his company's finances. *See Xport*, 694 F. Supp. 3d at 1267 n.4. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

9

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| | Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Sable." ¶ 55. | | |
| 8 | "Continued operation of the SYU and the SYPS is also indispensable to the livelihoods of approximately 300 well-paid contractors, including laborers, operators, welders, mechanics, electricians, engineers, longshoremen, and construction workers, many of whom are unionized. Because of the dearth of oil production in California, these jobs will also be difficult to replace if lost. | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the contractors hired by his company and his company's relationship with those contractors. *See Xport*, 694 F. Supp. 3d at 1267 n.4. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

10

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Moreover, informing contractors that there is no longer work for them would compromise goodwill and jeopardize longstanding relationships between those individuals and Sable." ¶ 57. | | |
| 9 | "Loss of these jobs would not only hurt the employees, contractors, and their families: local governments, principally Santa Barbara County, but also San Luis Obispo County and Kern County, would be negatively | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the income, sales, and property taxes paid by his company to Santa Barbara County, San Luis Obispo County, and Kern County. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Plaintiff cites no case law in support of their assertions. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

11

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| affected by the loss of revenue from income, sales, and property taxes," ¶ 59. | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 10  "California is currently facing an energy crisis. It has the highest retail gasoline and aviation fuel costs in the United States, and the state must import most of its oil from foreign countries to satisfy its residents' growing energy demands. According to the California Energy Commission, over 61% of the crude oil feeding California | Inadmissible hearsay; lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 801, 602, 701. These statements do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. Indeed, Mr. Caldwell Flores relied on information contained in online articles, which he linked to in his declaration. | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402 and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").  Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the state of the industry in which his company operates, particularly as it relates to the industry in the state in which his company produces and transports hydrocarbons.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Ca Smoke & Vape*, 2020 WL 4390384, at *6. |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| refineries was imported from foreign countries, many in the turbulent Middle East.See Cal. Energy Comm'n, Annual Oil Supply Sources to California Refineries, https://tinyurl.com/4hkecyjn (last visited May 9, 2026). Whereas approximately thirty years ago in-state production constituted 50% of oil supply (and Alaskan production represented another 38%, for a domestic total of 88%), foreign | | Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

13

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | imports have risen from 12% in 1997 to 61% last year. Iraq alone is responsible for 17% of California's foreign crude oil imports, and Middle Eastern imports collectively represent over a quarter of California's oil imports. See Cal. Energy Comm'n, Foreign Sources of Crude Oil Imports to California, https://tinyurl.com/yjtu77rx (last visited May 9, 2026)." ¶ 60. | | |
| 11 | "Many of these tankers must | Lack of foundation, personal | This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

14

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| traverse the Strait of Hormuz, which is currently the site of intense military activity . . ." ¶ 60. | knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | and 402 and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the state of the industry in which his company operates. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 12 | "In September 2025, the pipeline's owner sent a letter to California Governor Gavin Newsom, noting that | Inadmissible hearsay; lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 801, 602, 701. These statements | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. This portion of Mr. Flores's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| the operator was in severe financial distress because of the pipeline's sudden underutilization. Without relief, the letter warned, the pipeline would have to be shut down, which would have severely negative consequences. The CEO added that California crude oil production was meeting only 25% of refinery demand and encouraged Governor Newsom to allow the SYU to reopen, which would reinfuse the pipeline | do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | whether to issue a preliminary injunction."). Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the state of the industry in which his company operates.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | system and allow more crude oil to flow north from Kern County. But without additional production coming online, by the end of 2025, the pipeline was essentially empty, and as of now, it is shut down. Prospects for restart are dim, as the economics of the pipeline remain highly challenged due to declining regional production and strict environmental regulations." ¶ 61. | | |
| 13 | "And these refineries are | Lack of foundation, | This portion of Mr. Flores's declaration is within his personal |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

17

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| needed to supply needed fuel, including gasoline, not just to California but also the rest of the West Coast, including inland states like Nevada and Arizona that are dependent on California." ¶ 62. | personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the oil industry. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 14 | "If a court prevents Sable from producing oil and gas from the SYU and transporting oil through the SYPS to market, it is highly unlikely that the SYU will ever be | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the production of oil in the offshore field owned by his company. *See Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | produced, stranding billions of dollars of valuable natural resources owned by the public and destroying significant economic activity." ¶ 65. | knowledge or experience. | Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 15 | "An injunction would eliminate this significant contribution to the U.S. Treasury . . ." ¶ 67. | Lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the royalties paid by his own company into the U.S. Treasury. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 16 "Sable is one of Santa Barbara County's highest taxpayers." ¶ 69. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the taxes paid by his own company to Santa Barbara County. *See Xport*, 694 F. Supp. 3d at 1267 n.4. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 17 "California is home to more than 40 major military installations, the highest | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| concentration of any U.S. state. These bases serve as critical hubs for training, logistics, and research across every branch of the Armed Forces." ¶ 72. | 701. These statements do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the end uses of hydrocarbons produced and sold in California. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 18 "Among these installations are Naval Base San Diego, the largest naval base on the West Coast and home to the U.S. Pacific Fleet; Camp Pendleton, the Marine Corps' premier West Coast | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Caldwell Flores' personal knowledge or experience. | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the end uses of hydrocarbons produced and sold in California. *See Xport*, 694 F. Supp. 3d at 1267 n.4.<br><br>Plaintiff cites no case law in support of their assertions. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| expeditionary training facility; Edwards Air Force Base, where the world's most extensive aircraft testing takes place; and Vandenberg Space Force Base, the country's primary West Coast space launch and missile testing facility." ¶ 73. | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 19 "A reliable domestic supply of crude oil to the West Coast is essential to military readiness and homeland security." ¶ 74. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Caldwell Flores' personal knowledge or | This portion of Mr. Flores's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Flores is the President and Chief Operating Officer of Sable Offshore Corp. and President of Pacific Pipeline Company, and he is testifying from personal knowledge obtained while serving in those roles about the end uses of hydrocarbons produced and sold in California. *See Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | experience. | Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

## II.   CALIFORNIA'S OBJECTIONS TO THE DECLARATION OF STEVE RUSCH (ECF NO. 24-6)

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| 1 | "The impacts of that existing pipeline on the environment were addressed in the original comprehensive Environmental Impact Statement and Environmental Impact | Inadmissible hearsay. Fed. R. Evid. 801. | This portion of Mr. Rusch's declaration is relevant pursuant to Federal Rules of Evidence 401 and 402. *See Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>This is not hearsay because Mr. Rusch is testifying to the factual findings of a legally-authorized investigation and Plaintiff has done nothing to show it is untrustworthy. *See* Fed. R. Evid. 803(8). Indeed, Plaintiff cites no |

LATHAM&WATKINSLLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Report prepared by the federal Bureau of Land Management and the California State Lands Commission prior to construction of the Pipeline Segments and pursuant to the National Environmental Policy Act and the California Environmental Quality Act, respectively. The original EIS/EIR is available at: https://cosantabarbara.app.box.com/s/lkl9oo9xdsaangevdp6pasfo0cmimvlt." ¶ 4. | | case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 2 | "The original EIR/EIS analyzed the | Inadmissible hearsay. Fed. R. Evid. | This portion of Mr. Rusch's declaration is relevant pursuant to Federal Rules of Evidence 401 |

LATHAM&WATKINSLLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| potential environmental effects of long term operation, repairs that might become necessary, and ongoing maintenance. They also considered the risk to species that may occur in and around the pipeline as a result of long term operation, repairs, and maintenance." ¶ 5. | 801. | and 402, and within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's position on regulatory and environmental affairs. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>This is not hearsay because Mr. Rusch is testifying to the factual findings of a legally-authorized investigation and Plaintiff has done nothing to show it is untrustworthy. *See* Fed. R. Evid. 803(8). Indeed, Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 3 | "Sable has never taken | Lack of foundation, | This portion of Mr. Rusch's declaration is within his personal |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| the position that it is not obligated to take appropriate measures to protect ecologically sensitive environments." ¶ 7. | personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's position on regulatory and environmental affairs. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. <br><br> Plaintiff cites no case law in support of their assertions. <br><br> Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 4 | "Sable has not taken the position that the DPA Order excuses compliance with any particular provision of | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| the California Fish and Game Code. To the contrary, since the DPA Order was entered, Sable has continued to work with the California Department of Fish and Wildlife on past permitting issues." ¶ 8. | be based on Mr. Rusch's personal knowledge or experience. | affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Plaintiff cites no case law in support of their assertions.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 5 | "The LFC has never been regulated by the California Geologic Energy Management Division ("CalGEM")." ¶ 11. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about which regulatory regimes his own company was subject to, and which agencies were responsible for implementing and enforcing those regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, |

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | 2016 WL 11756812, at *10. |
| 6 | "Facilities are 'attendant to' oil and gas production, and therefore subject to CalGEM jurisdiction, only when they are within the lease area of oil and gas fields. LFC is not located within any operating designated oil and gas field nor within the boundary of any oil and gas lease. The LFC is not properly subject to CalGEM's jurisdiction for this and other reasons." ¶ 13. | Lack of foundation, personal knowledge; improper lay opinion testimony, including improper legal conclusion. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Rusch's personal knowledge or experience, including his legal conclusions regarding CalGEM's jurisdiction. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701 and not a legal conclusion. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his perception and personal knowledge of the facts regarding the historical relationship between CalGEM and Sable as it pertains to the LFC, including why the LFC was never previously regulated by CalGEM. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Plaintiff cites no case law in support of their assertions.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 7 | "However, on September | Inadmissible hearsay; lack of | This portion of Mr. Rusch's declaration is within his personal |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| 26, 2024, CalGEM asserted for the first time that LFC is a "production facility" subject to CalGEM's jurisdiction, bonding, and other regulatory requirements. CalGEM has demanded a bond of $57,258,121." ¶ 14. | foundation, personal knowledge. Fed. R. Evid. 801, 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about when CalGEM first began to claim that it had regulatory authority over his company.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 8 | "Despite not being regulated by CalGEM, the LFC is subject to other regulatory regimes and is complying | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| with them. For example, PHMSA regulates the LFC." ¶ 16. | be based on Mr. Rusch's personal knowledge or experience. | affairs about the regulatory regimes to which his company and its assets are subject.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 9    "Throughout its jurisdictional dispute with CalGEM, Sable has continued to cooperate with CalGEM, whose agents have been accommodated at LFC on five separate days for inspections: October 31, | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701.<br>This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about what actions his company has taken to accommodate state regulators claiming authority.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

30

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| 2024; August 28, 2025; and September 2–4, 2025." ¶ 17. | | Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 10 "Sable continues to cooperate with CalGEM, consistent with its legal obligations and a reservation of its rights." ¶ 18. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about what actions his company has taken to accommodate state regulators claiming authority. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

31

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 11 | "On March 16, 2026, counsel for the Department of Conservation contacted Sable regarding an inspection of LFC. Sable promptly responded to this request and, in both its initial response and subsequent communications, has reiterated its willingness to accommodate CalGEM's inspection request, subject to a full reservation of Sable's rights at law and in | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about what actions his company has taken to accommodate state regulators claiming authority. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

32

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | equity. This includes, without limitation, the right to dispute and challenge any asserted jurisdiction by CalGEM over LFC, and the requirement that any inspection proceed in accordance with the applicable provisions of the California Civil Discovery Act ("CDA") in light of the parties' ongoing dispute concerning CalGEM's jurisdiction over LFC." ¶ 19. | | |
| 12 | "Sable further offered to identify | Lack of foundation, personal knowledge; | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

33

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | an inspection date earlier than the 30 days from service required under the CDA, even as soon as the following week, provided that Sable is afforded sufficient time to receive CalGEM's demand and serve its written objections in advance of any inspection." ¶ 20. | improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about what actions his company has taken to accommodate state regulators claiming authority. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 13 | "On May 2, 2024, Sable met with CDPR to discuss the process for renewing the easement and making the needed repairs to | Inadmissible hearsay; lack of foundation, personal knowledge; speculative; improper lay opinion testimony. Fed. R. Evid. 801, 602, 701. These statements | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

34

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| comply with the Consent Decree. Sable informed CDPR that the pipeline would be repaired, not replaced. Sable informed CDPR that, at that time, it anticipated resuming oil transportation in the repaired line by September 2024. In response, CDPR stated that the process of obtaining the easement would be extensive, likely taking a year or more. Sable's notes concerning this call reflect that both parties understood | do not appear to be based on Mr. Rusch's personal knowledge or experience because there is no indication that Mr. Rusch personally attended the referenced meeting or prepared the referenced notes. Additionally, Mr. Rusch's statement regarding Sable's notes is hearsay and speculative as to how State Parks understood that oil would flow through the pipeline during the period the easement was being finalized. | interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075 ("Personal knowledge may be inferred from a declarant's position."); *Brown v. Jones Lang LaSalle Ams., Inc.*, No. CV1503883SJOFFMX, 2016 WL 11756812, at *10 (C.D. Cal. May 23, 2016).<br><br>Sable's notes are not hearsay, because they are a business record made in the course of a regular activity of Sable and offered to explain Sable's conduct and response, which has been challenged. *See* Fed. R. Evid. 803(6). *See also Ca Smoke & Vape*, 2020 WL 4390384, at *6 ("[I]t is well established that district courts may "consider hearsay in deciding whether to issue a preliminary injunction.").<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

35

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | that oil would flow through Segment CA-325 during the period while the easement was being finalized." ¶ 26. | | |
| 14 | "On May 22, 2025, Sable met with CDPR to discuss the easement renewal process and the steps required. During that meeting, representatives for the State again stated that further CEQA review would not be required." ¶ 33. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 801, 602, 701 This statement does not appear to be based on Mr. Rusch's personal knowledge or experience because there is no indication that Mr. Rusch personally attended the referenced meeting. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

36

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 15 "On July 3, 2025, CDPR's Chief Counsel informed Sable's representatives that it was likely that easement renewal was exempt from the California Environmental Quality Act ("CEQA") and that no further environmental review would be needed, because environmental review had already been completed at the time Segment CA-325 was initially constructed. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Rusch's personal knowledge or experience because there is no indication that State Parks' Chief Counsel made any of the alleged statements to Mr. Rusch. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

37

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | This was consistent with the position that CDPR had taken with respect to the repairs in the May 9, 2025 Notice of Exemption, and with CDPR's prior statements to Sable." ¶ 35. | | |
| 16 | "I understand that Sable's representative responded immediately to Ms. Siverson, asking about the new meeting date. He received no response." ¶ 45. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

38

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 17 "I understand that Sable's representative followed up on September 11, 2025, to Ms. Siverson and her colleague, Chief Counsel Tara Lynch, but received no reply." ¶ 46. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

39

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| 18 "I understand that Sable's representative followed up again on September 14, 2025, and on September 15, 2025, with both Ms. Siverson and Ms. Lynch, but received no reply." ¶ 47. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 19 "On September 17, 2025, CDPR stated that it would 'reach out as soon as we | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal |

LATHAM&WATKINS<sup>LLP</sup><br>ATTORNEYS AT LAW<br>LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| can to schedule a meeting with Sable.'" ¶ 48. | This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 20 | "I understand that Sable's representative followed up again with a phone call to Ms. Siverson on September 22, 2025, but received no response." ¶ 49. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

41

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 21 | "I understand that Sable's representative followed up again with a call to Ms. Siverson on September 24, 2025. Ms. Siverson responded by email, stating only that "State Parks is reviewing internally. I will let you know as soon as we are ready to meet." ¶ 50. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701.<br>This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 22 | "I understand that Sable's representative followed up again on September 25, 2025, with a message to Ms. Lynch, but received no response." ¶ 51. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Plaintiff cites no case law in support of their assertions.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 23 | "I understand that Sable's | Lack of foundation, personal | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| representative followed up again on September 30, 2025, with a call to Ms. Lynch, but received no response." ¶ 52. | knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 24 | "I understand that Sable's representative followed up again on October 7, 2025, with a call to Ms. Lynch, but received no | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

44

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | response." ¶ 53. | Rusch's personal knowledge or experience. | interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Plaintiff cites no case law in support of their assertions.

Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 25 | "I understand that Sable's representative followed up again on October 28, 2025, with a call to Ms. Lynch, but received no response." ¶54. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.

Plaintiff cites no case law in |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

45

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 26 | "I understand that Sable's representative followed up again on November 6, 2025, with a message to Ms. Siverson asking for a call, but received no response." ¶ 55. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

46

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 27 "Nothing under Sable's proposed easement with CDPR would authorize Sable to conduct any activities in the Park that were not already evaluated under CEQA in the original EIR/EIS, or which CDPR has not already found to be exempt from further CEQA review." ¶ 60. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. Plaintiff cites no case law in support of their assertions. Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 28 "I understand that Sable's representative followed up on December 22, 2025, to | Lack of foundation, personal knowledge; improper lay opinion testimony. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | Ms. Siverson and Ms. Lynch." ¶ 61. | Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 29 | "On December 26, 2025, Ms. Siverson requested a meeting with Sable, promising to send 'a list of available times" within the 'next couple days."" ¶ 62. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| | | n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. |
| | | Plaintiff cites no case law in support of their assertions. |
| | | Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 30   "I understand that, on December 30, 2025, Sable's representative followed up, but Ms. Siverson still had no meeting times to propose." ¶ 63. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10. |
| | | Plaintiff cites no case law in support of their assertions. |
| | | Moreover, as Plaintiff notes, |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

49

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | | | courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 31 | "On December 31, 2025, Ms. Siverson sent a corrected Right of Entry Permit, but still no meeting times." ¶ 64. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

50

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| 32 | "A meeting finally took place on January 5, 2026. I understand that, at that meeting, CDPR reported that it had not commenced the 'Initial Study' it had claimed on November 13, 2025, was necessary for environmental review." ¶ 66. | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. These statements do not appear to be based on Mr. Rusch's personal knowledge or experience. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations. *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 33 | "Another meeting was set for January 26, 2026. Sable continued to try to meet CDPR's | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701. | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701. Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

51

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| | Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|---|
| | ever-changing demands, but CDPR continued To stonewall." ¶ 67. | This statement does not appear to be based on Mr. Rusch's personal knowledge or experience. | knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |
| 34 | "Further, I understand that Sable's counsel sought clarification as to the scope of biological and cultural survey information CDPR wanted for its review. In a | Lack of foundation, personal knowledge; improper lay opinion testimony. Fed. R. Evid. 602, 701.<br>These statements do not appear to be based on Mr. Rusch's personal knowledge or experience because there is no | This portion of Mr. Rusch's declaration is within his personal knowledge pursuant to Federal Rules of Evidence 602 and 701.  Mr. Rusch is the Vice President, Regulatory & Environmental Affairs of Sable Offshore Corp. and is testifying from personal knowledge obtained while serving in his role as head of regulatory affairs about his company's interactions with a California agency and its regulations.  *See Xport*, 694 F. Supp. 3d at 1267 n.4; *see also Kaypro*, 218 F.3d at 1075; *Brown*, 2016 WL |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

| Material Objected to: | Grounds for Objection: | Sable's Response |
|---|---|---|
| response email that was accidentally sent to Sable's counsel, CDPR wrote back, 'I would tell him that it is not our job to tell them what we need; it is their job to submit any and all information thet [sic] they want included in our evaluation.'" ¶ 67. | indication that Mr. Rusch has any personal knowledge of the allegedemail from State Parks. | 11756812, at *10.<br><br>Plaintiff cites no case law in support of their assertions.<br><br>Moreover, as Plaintiff notes, courts apply a more relaxed admissibility standard to evidence proffered for a preliminary injunction motion and may consider inadmissible evidence. *See* ECF 32-2 at 2; *Xport*, 694 F. Supp. 3d at 1267 n.4. |

Dated:  June 1, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Jessica Stebbins Bina*

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  +1 424.653.5500
Facsimile:  +1 424.653.5501

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

53

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI

BABST CALLAND
   Nicholas McDaniel (*pro hac vice*)
   *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone:  +1 202.853.3455
Facsimile:   +1 202.853.3491

HOLLAND & KNIGHT LLP
   Andrew Klair (Bar No. 334960)
   *andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
   James W. Noe (*pro hac vice*
   forthcoming)
   *jim.noe@hklaw.com*
   Rafe Petersen (*pro hac vice*
   forthcoming)
   *rafe.petersen@hklaw.com*
   Matthew Z. Leopold (*pro hac vice*
   forthcoming)
   *matt.leopold@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

*Attorneys for Intervenors Sable Offshore
Corp. and Pacific Pipeline Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

54

NO. 2:26-cv-03396-SVW-SSCx
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE ISO OPP. TO MOTION FOR PI