LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  +1 424.653.5500
Facsimile:  +1 424.653.5501

BABST CALLAND
  Nicholas McDaniel (*pro hac vice*)
  *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone:  +1 202.853.3455
Facsimile:  +1 202.853.3491

HOLLAND & KNIGHT LLP
  Andrew Klair (Bar No. 334960)
  *andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
*Attorneys for Intervenor-Defendants Sable Offshore*
*Corp. and Pacific Pipeline Company*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, | Case No. 2:26-cv-03396-SVW-SSCx |
| Plaintiff, | **INTERVENOR-DEFENDANTS SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF JOINDER AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CHRIS WRIGHT, in his official capacity as Secretary of the U.S. Department of Energy; UNITED STATES DEPARTMENT OF ENERGY, | |
| Defendants. | Date: Sept. 14, 2026 |
| and | Time: 1:30 p.m. |
| SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY, | Courtroom: 10A |
| *Intervenor-Defendants*. | Judge: Hon. Stephen V. Wilson |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS

**NOTICE OF JOINDER**

Intervenor-Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") hereby join in the Motion to Dismiss, ECF 66, brought by Defendants Chris Wright, in his official capacity as Secretary of the U.S. Department of Energy, and the U.S. Department of Energy (collectively, "Defendants").

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

In this action, Plaintiff the State of California ("California") asks this Court to decide sweeping questions about the meaning and validity of the Defense Production Act ("DPA"), 50 U.S.C. § 4501 et seq., under the guise of challenging Secretary Wright's order requiring Sable to restart oil transportation. *See* ECF 16-1 at 9-12 (the "DPA Order"). But to dismiss the Complaint, the Court need not—and should not—resolve any of those questions.

California's two statutory claims (Counts I and II) arise solely under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and must be dismissed because the DPA Order is not reviewable under the APA. And California's two constitutional claims (Counts III and IV) fail to state a claim: neither the separation-of-powers theory in Count III nor the anti-commandeering theory in Count IV alleges any cognizable constitutional violation. The Court can dismiss each claim without deciding complex statutory questions about the scope of the DPA's statutory authorization or the nature of Secretary Wright's delegated authority.

**1. Counts I and II Are Unreviewable Under the APA.** The DPA contains no private right of action, leaving the APA as California's sole possible avenue for judicial review. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 808 n.7 (9th Cir. 2006). But the APA extends only to "agency action," 5 U.S.C. §§ 702, 704. The President is not an "agency" under the APA and therefore out of respect for the separation of powers is not subject to review. *See Franklin v. Massachusetts*, 505

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

1

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS

U.S. 788, 800-01 (1992); *Dalton v. Specter*, 511 U.S. 462, 469-70 (1994).

Secretary Wright acted pursuant to presidential authority formally delegated by the President. *See* Exec. Order No. 14391, 91 Fed. Reg. 13199 (Mar. 13, 2026). When a cabinet official exercises delegated presidential power, the action qualifies as presidential action exempt from APA review. *Jensen v. Nat'l Marine Fisheries Serv.*, 512 F.2d 1189, 1190-91 (9th Cir. 1975) (holding that where authority is vested in the President and formally delegated to a cabinet secretary, "the Secretary's actions are those of the President"—regardless of the President's involvement in any particular decision—and "therefore by the terms of the APA the approval of the regulation at issue here is not reviewable"). Other courts agree. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 189 F. Supp. 3d 85, 100-02 (D.D.C. 2016), *aff'd*, 883 F.3d 895 (D.C. Cir. 2018); *NRDC v. U.S. Dep't of State*, 658 F. Supp. 2d 105, 111-13 (D.D.C. 2009). Secretary Wright likewise exercised discretionary authority Congress assigned to the President under the DPA, and his action is accordingly unreviewable under the APA given that the statute provides no meaningful standard against which the court can evaluate the exercise of authority. *See* 5 U.S.C. § 701(a)(2); 50 U.S.C. §§ 4511, 4554(a); *Hyatt v. Off. of Mgmt. & Budget*, 908 F.3d 1165, 1174 (9th Cir. 2018). Hence, Counts I and II must be dismissed.

**2. Count III Fails to State a Separation of Powers Claim.** California's separation-of-powers theory also fails. California's claims that Secretary Wright "exceeded his statutory authority are not 'constitutional' claims." *Dalton*, 511 U.S. 462, 473; *see* ECF 1 ¶¶ 144-48. The Supreme Court has recognized a "well established" "distinction between claims that an official exceeded his statutory authority, on the one hand, and claims that he acted in violation of the Constitution, on the other." *Dalton*, 511 U.S. at 474. Here, California has not sought relief directly under the Constitution, and labeling its claim "separation of powers" does not create a constitutional violation. In fact, California invokes constitutional

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS

avoidance, a canon for interpreting statutes, *see* ECF 27 at 9-10; ECF 16-2 at 14-15. Yet, the avoidance canon concerns statutory relief that *sidesteps* constitutional questions—not lawsuits to *resolve* them. *Clark v. Martinez*, 543 U.S. 371, 381-82 (2005). "[I]f every claim alleging that the President exceeded his statutory authority were considered a constitutional claim," that would twist the APA's nonreviewability of presidential actions "beyond recognition." *Dalton*, 511 U.S. at 474. California's theory is thus a statutory dispute reviewable only under the APA, and because APA review is unavailable, Count III should be dismissed.

**3. Count IV Fails to State an Anti-Commandeering Claim.** California's Tenth Amendment claim contends that the DPA Order compels the State to devote its property to Sable's operations. *See* ECF 1 ¶¶ 154-56. The anti-commandeering doctrine, however, bars only federal directives *aimed at states themselves*—not at private actors. *See Murphy v. NCAA*, 584 U.S. 453, 470 (2018). Here, the DPA Order obligates Sable, a private company, not California. The State has not been compelled to implement or administer any federal program, and no state official is directed to act.

Moreover, any tension between the DPA Order and state law raises a preemption question, not a commandeering one. *See Murphy*, 584 U.S. at 470-71, 477-79; *New York v. Dep't of Just.*, 343 F. Supp. 3d 213, 232 (S.D.N.Y. 2018). Federal action that displaces state regulatory authority does not violate the Tenth Amendment so long as it rests on valid constitutional grounds. *See Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 291 (1981); *United States v. Hatch*, 722 F.3d 1193, 1202 (10th Cir. 2013). Because the Order is directed at a private party, the anti-commandeering doctrine has no application. Count IV should be dismissed.

**4. Dismissal Should Be With Prejudice.** Because California's claims "fail[] as a matter of law, granting leave to amend would be futile." *Oei v. N. Star Cap.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS

*Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1104 (C.D. Cal. 2006). Defendants' motion to dismiss should be granted with prejudice.

Dated: June 29, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Jessica Stebbins Bina*

LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
  10250 Constellation Blvd., Suite 1100
  Los Angeles, CA 90067
  Telephone:  +1 424.653.5500
  Facsimile:   +1 424.653.5501

BABST CALLAND
  Nicholas McDaniel (*pro hac vice*)
  *nmcdaniel@babstcalland.com*
  505 Ninth St., NW, Suite 602
  Washington, DC 20004
  Telephone:  +1 202.853.3455
  Facsimile:   +1 202.853.3491

HOLLAND & KNIGHT LLP
  Andrew Klair (Bar No. 334960)
  *andrew.klair@hklaw.com*
  560 Mission St., Suite 1900
  San Francisco, CA 94105
  Telephone: +1 415.743.6962
    James W. Noe (*pro hac vice forthcoming*)
    *jim.noe@hklaw.com*
    Rafe Petersen (*pro hac vice forthcoming*)
    *rafe.petersen@hklaw.com*
    Matthew Z. Leopold (*pro hac vice forthcoming*)
    *matt.leopold@hklaw.com*
  800 17th St., NW, Suite 1100
  Washington, DC 20006
  Telephone: +1 202.469.5525

*Attorneys for Intervenor-Defendants Sable Offshore Corp. and Pacific Pipeline Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Intervenor-Defendants Sable Offshore Corp. and Pacific Pipeline Company, hereby certifies that this Notice of Joinder and Brief in Support of Defendants' Motion to Dismiss contains 985 words and not more than 25 pages, which complies with the word limit for Local Rule 11-6.1 and this Court's New Case Order § 3.A, ECF 18.

Dated: June 29, 2026                                    /s/ Jessica Stebbins Bina

                                                       Jessica Stebbins Bina

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NO. 2:26-cv-03396-SVW-SSCx
INTERVENORS' JOINDER AND BRIEF ISO
DEFS.' MOT. TO DISMISS