ROB BONTA
Attorney General of California
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
ALICIA ROESSLER (SBN 219623)
REBECCA HUNTER (SBN 356311)
BRIAN CALAVAN (SBN 347724)
KAVITA LESSER (SBN 233655)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1256
 Telephone: (213) 269-6605
 Fax: (213) 897-2638
 E-mail:  Jeremy.Brown@doj.ca.gov
 Kavita.Lesser@doj.ca.gov

*Attorneys for Plaintiff
State of California*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CHRIS WRIGHT,** in his official capacity as Secretary of the U.S. Department of Energy; **UNITED STATES DEPARTMENT OF ENERGY,**<br><br>*Defendants,*<br><br>and<br><br>**SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY,**<br><br>*Intervenor-Defendants.* | No. 2:26-cv-3396-SVW-SSCx<br><br>**PLAINTIFF'S PROPOSED SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S PENDING MOTION FOR PRELIMINARY INJUNCTION AND STAY AGAINST ALL DEFENDANTS**<br><br>Courtroom:   10A, 10th Floor<br>Judge:   Hon. Stephen V. Wilson<br>Trial Date:   Not Set<br>Action Filed: March 31, 2026 |

## INTRODUCTION

California submits this supplemental brief to address the impact of its First Amended Complaint (FAC) (ECF 72) on its pending motion for preliminary injunction (ECF 16). The FAC adds an ultra vires cause of action and alleges that Defendants exceeded their statutory and constitutional authority in issuing the Wright Order. ECF 72, ¶¶ 176-181. As a result, there are now two separate claims under which this Court can review and should invalidate the Wright Order: the Administrative Procedure Act (APA) cause of action and the ultra vires cause of action. The State has a strong likelihood of success on the merits of its ultra vires claim because the Wright Order exceeds the Defense Production Act's (DPA) grant of authority and is unconstitutional. *See* ECF 16-2 at 8-18; ECF 27 at 5-10. The Court may therefore preliminarily enjoin the Wright Order as a likely ultra vires action, regardless of whether the APA applies.

## PROCEDURAL BACKGROUND

On March 31, 2026, California filed this case against the United States Department of Energy (DOE) and Secretary Chris Wright (collectively Defendants) challenging the Wright Order. *See Pipeline Capacity Prioritization and Allocation Order*, (the Wright Order), ECF 23-1 at 1-4. California's initial complaint alleged the Wright Order is contrary to law (Count I) and arbitrary and capricious (Count II), in violation of the APA, 5 U.S.C. § 706. ECF 1 at ¶¶ 116-138.  It also asserted claims that the Wright Order violates the constitutional separation of powers doctrine (Count III) and the Tenth Amendment (Count IV). *Id*. at ¶¶ 139-159. California moved for a preliminary injunction on May 1, 2026 (ECF 16), and the Court heard argument on the motion on June 8, 2026. The parties then filed supplemental briefing at the Court's request. The Court has not yet ruled on the motion. On July 20, 2026, California filed the FAC as a matter of course under

1

Plaintiff's Supp. Brief ISO Pending Preliminary Injunction Motion
(Case No. 2:26-cv-3396-SVW-SSCx)

Federal Rule of Civil Procedure 15(a)(1). ECF 72. As relevant here, the FAC adds a claim raising an ultra vires cause of action (Count V).[1]

## ARGUMENT

The new claim in the FAC further supports California's likelihood of success on the merits. As set forth in the State's prior preliminary injunction briefing, California has a strong likelihood of success on the merits that the Wright Order violates the APA and is unconstitutional. ECF 16 at 8-17; 32 at 2-7; 62 at 9-10, 65 at 3-7. The FAC adds an ultra vires cause of action, which provides this Court with a separate and independent avenue to hold that the Wright Order is invalid.

"[A]ctions by subordinate Executive Branch officials that extend beyond delegated statutory authority—i.e., ultra vires actions—are reviewable," especially where they "implicate constitutional concerns." *Murphy Co. v. Biden*, 65 F.4th 1122, 1129, 1131 (9th Cir. 2023); *see also Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) (ability to bring an ultra vires action to "enjoin unconstitutional actions by state and federal officers . . . reflects a long history of judicial review of illegal executive action"). Federal courts possess the power in equity to grant injunctive relief "with respect to violations of federal law by federal officials." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). Consistent with this principle, the Supreme Court has allowed equitable relief against federal officials who act "beyond th[e] limitations" imposed by federal statute. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689 (1949).

By invoking the Wright Order to broadly authorize Sable to disregard state and federal law and violate two court orders, Defendants have acted contrary to law and outside the authority granted to them under the DPA. *See Murphy*, 65 F.4th at

---

[1] The FAC also adds new factual allegations regarding state laws displaced by the Wright Order (FAC ¶ 106), Title I of the DPA (FAC ¶¶ 22-24), the scope of Secretary Wright's statutory authority under the DPA (FAC ¶¶ 25-26, 68-71), DOE's regulations promulgated under the DPA (FAC ¶¶ 26-29), and the findings made by DOE related to the Wright Order (FAC ¶¶ 86, 89-90).

2

1130. As explained in the State's prior briefing, the Wright Order is not a valid prioritization or allocation order under the DPA. *See* ECF 16-2 at 8-12; ECF 27 at 5-8. And nothing in the DPA authorizes the sort of limitless preemption of state laws pertaining to safety, environmental protection, and property rights that the defendants assert the Wright Order authorizes. *See* ECF 16-2 at 12-15; ECF 27 at 8-10. Nor can the DPA be reasonably construed to authorize the Executive Branch to flout judicial orders in violation of separation of powers principles, or to require that California dedicate state-owned property to Sable's restart of the pipelines in violation of the anti-commandeering doctrine. *Id.*

For these reasons, Defendants have acted in excess of their delegated powers under the DPA. California therefore has a strong likelihood of success on the merits of its claim that the Wright Order is invalid as ultra vires, and a preliminary injunction should be issued for that additional reason.

## CONCLUSION

The Court should grant California's motion to stay and preliminarily enjoin the Wright Order.

Plaintiff's Supp. Brief ISO Pending Preliminary Injunction Motion
(Case No. 2:26-cv-3396-SVW-SSCx)

Dated: July 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY M. BROWN
Supervising Deputy Attorney General
ALICIA ROESSLER
REBECCA HUNTER
BRIAN CALAVAN
Deputy Attorneys General

 */s/Kavita Lesser*
KAVITA LESSER
Deputy Attorney General
*Attorneys for Plaintiff State of California*

Plaintiff's Supp. Brief ISO Pending Preliminary Injunction Motion
(Case No. 2:26-cv-3396-SVW-SSCx)

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff State of California, certifies that this brief is 3 pages in length, which complies with the page limit set by the Court's New Case Order, ECF 18 at 2.

Dated: July 30, 2026                                    Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY BROWN
Supervising Deputy Attorneys General
ALICIA ROESSLER
REBECCA HUNTER
BRIAN CALAVAN
Deputy Attorneys General


*/s/ Kavita Lesser*
KAVITA LESSER
Deputy Attorney General
*Attorneys for Plaintiff State of California*

5