BABST CALLAND
  Nicholas McDaniel (*pro hac vice*)
  *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

HOLLAND & KNIGHT LLP
  Zachary James Watson (Bar No. 348019)
  *zachary.watson@hklaw.com*
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: +1 949.517.1451

*Attorneys for Defendant-Intervenors Sable Offshore Corp.*
*and Pacific Pipeline Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS WRIGHT, in his official capacity as Secretary of the U.S. Department of Energy; UNITED STATES DEPARTMENT OF ENERGY,<br><br>Defendants,<br><br>and<br><br>SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY,<br><br>Intervenor-Defendants. | Case No. 2:26-cv-03396-SVW-SSCx<br><br>**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>Date:<br>Time:<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

Defendant-Intervenors, Sable Offshore Corp. and Pacific Pipeline Company (collectively "Sable"), submit this Response to Plaintiff's Motion for Leave to File Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction and Stay Against all Defendants (the "Motion for Leave") (ECF 77).

<strong>ARGUMENT</strong>

On May 1, 2026, nearly seven weeks after the March 13 DPA Order, California moved for a preliminary injunction under the APA—relief that requires a plaintiff to prove an "immediate threatened injury." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Defendants opposed, arguing in significant part that the DPA Order was not reviewable under the APA. Yet after a full briefing cycle on the preliminary injunction, a multi-hour hearing before this Court, and several post-hearing briefs—throughout which time California repeatedly insisted that the APA provided its cause of action—California notified this Court on July 13 that it did not intend to defend the complaint on which it had moved for a preliminary injunction. And on July 21, the last possible day under the Federal Rules, California amended its complaint to add a new, non-APA cause of action.

As explained by Sable and the United States in their oppositions, California's pending motion for preliminary injunction should be denied based on lack of harm alone. California's delay in bringing its new ultra vires cause of action is yet further evidence that there is no "immediate threatened injury." Because of the clear lack of harm, supplemental briefing on California's new claim is neither necessary nor appropriate.

But if the Court decides to consider California's supplemental brief, Sable provides its response here for the sake of judicial economy. The Court should reject California's new ultra vires theory as divorced from the elements of that cause of action and contrary to the plain language of the Defense Production Act, 50 U.S.C. § 4501 *et seq.*

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE

*First*, the Court should deny the Motion for Leave because additional briefing is unnecessary. California is not seeking to respond to arguments first raised by Sable or the United States in reply or present the Court with new facts or legal authority previously unavailable to it. Rather, California is seeking to augment a preliminary injunction motion based on a newly asserted cause of action for ultra vires conduct in its First Amended Complaint—a cause of action that could have been asserted in its initial pleading. California's two cited cases do not support its attempt to litigate its motion for preliminary injunction in this piecemeal fashion. The court in *Dana v. Tewalt*, Case No. 1:18-cv-002898-DCN, 2020 WL 1545786 (D. Idaho Apr. 1, 2020), merely requested supplemental briefing on how an amended complaint affected a pending motion for preliminary injunction—which it then denied as moot after dismissing the defendants to whom it was directed. And the court in *Berg v. County of Los Angeles*, Case No. CV 20-7870 DMG (Pdx), 2021 WL 4691154 (C.D. Cal. May 28, 2021), declined to hold that an amended complaint mooted a pending motion for preliminary injunction when the amended complaint simply clarified existing claims that the defendants had addressed in prior briefing. Neither case approved of a plaintiff submitting new theories for injunctive relief after briefing and argument. Because permitting California to do so here would upset the orderly briefing and argument of the already-pending preliminary injunction motion—and because California's lack of harm dooms the motion regardless—the Court should exercise its discretion to deny the Motion for Leave. *See SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) ("[A]cceptance or rejection of argumentative briefs, memoranda, and other supplementary material is within the sound discretion of the court.").

*Second,* if the Court nonetheless considers California's proposed supplemental brief, it should reject California's new arguments as meritless and irrelevant to the pending motion for preliminary injunction. "Because ultra vires

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE

review could become an easy end-run around the limitations of . . . judicial-review statutes," the Supreme Court has "strictly limited nonstatutory ultra vires review to the 'painstakingly delineated procedural boundaries of [*Leedom v. Kyne*, 358 U.S. 184 (1958)].'" *Nuclear Regul. Comm'n v. Tex.*, 605 U.S. 665, 681 (2025) (quoting *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)).[1]  "The *Kyne* exception is a narrow one, and it does not apply simply because an agency has arguably reached a conclusion which does not comport with the law." *Id.* (internal quotations omitted). "Rather, it applies only when an agency has taken action entirely 'in excess of its delegated powers and contrary to a *specific prohibition*' in a statute." *Id.* (quoting *Ry. Clerks v. Ass'n for Benefit of Non-Cont. Emps.*, 380 U.S. 650, 660 (1965)) (emphasis in original).  Additionally, "the prohibition at issue must confer rights upon the individual seeking ultra vires review." *Glob. Health Council v. Trump*, 153 F.4th 1 (D.C. Cir. 2025) (citing *Kyne*, 358 U.S. at 190).  "Given all that, a *Leedom v. Kyne* claim is essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds." *Nuclear Regul. Comm'n*, 605 U.S. at 681-82 (internal quotations omitted).

California cannot show for purposes of its pending motion for preliminary injunction that it is likely to succeed on the merits of its ultra vires cause of action. As a threshold matter, California's ultra vires cause of action fails because it does not identify a specific statutory prohibition that Secretary Wright violated when he issued the DPA Order.  And even if such a prohibition existed (it does not), California is not empowered to enforce it.  *See Global Health Council*, 153 F.4th at 18-20 (explaining the relevant statute precluded private parties from seeking judicial

---

[1] Sable reserves the right to argue that *Murphy Co. v. Biden*, 65 F.4th 1122 (9th Cir. 2023), was wrongly decided when it held that an ultra vires cause of action lies to challenge actions by the President. As the D.C. Circuit recently noted, "the Supreme Court has signaled that the Ninth Circuit" in *Murphy Co.* rests on faulty reasoning in the very cases that *Murphy Co.* cites. *See Glob. Health Council v. Trump*, 153 F.4th 1, 17 n.15 (D.C. Cir. 2025).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE

review to enforce the statute's provisions). To the contrary, the text, structure, and purpose of the DPA indicate that its zone of interests extends *only* to those persons or entities that are directed by the government to act under § 101—or perhaps those that have contracts that are deprioritized as a result.

California also fails to identify any conduct by Secretary Wright outside the scope of his statutory authority. California alleges that "Defendants have acted contrary to law and outside the authority granted to them under the DPA" . . . "[b]y using the [DPA] Order to broadly authorize Sable to disregard state and federal law, as well as orders issued by the state and federal courts." (ECF 72 at ¶ 179). But whether the DPA Order preempts or supersedes other laws is distinct from the question presented by California's ultra vires cause of action, which is whether the DPA Order was lawfully issued. *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 154 (1982) (noting the distinction between the lawfulness of agency action and its preemptive effect). The same fallacy affects California's argument in its supplemental brief that the DPA Order does not "authorize[] . . . limitless preemption of state laws," "flout[ing] judicial orders in violation of separation of powers principles," or "requir[ing] that California dedicate state-owned property to Sable's restart of the pipelines." (ECF 77-3 at PageID 2180).

California's only theory that might potentially be characterized as an ultra vires claim is that the DPA Order "is not a valid prioritization or allocation order under the DPA." (ECF 77-3 at PageID 2180). But an ultra vires cause of action will not lie "simply because an agency has arguably reached a conclusion which does not comport with the law." *Nuclear Regul. Comm'n*, 605 U.S. at 681. And as the United States explained in its opposition to California's preliminary injunction motion, the DPA Order fits squarely within the statutory text. (*See* ECF 23 at PageID 1158-1162). California is thus unlikely to prevail on the merits of its newly asserted ultra vires cause of action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE

## CONCLUSION

California's Motion for Leave is neither necessary (as its motion for preliminary injunction can be denied for lack of irreparable harm alone) nor appropriate (as it seeks to present a new theory for relief well after briefing and argument have concluded). The ultra vires cause of action that California seeks leave to present is also without merit. A plaintiff asserting this cause of action must thread the eye of a needle: not only must it demonstrate that the defendant acted contrary to a *specific statutory prohibition*, it must also demonstrate that it is a party upon whom the statutory prohibition confers rights. California has not (and cannot) show a likelihood of success on the merits of this threshold test. But even if the Court overlooked this gating issue, California is no more able to show a likelihood of success on its claim that Secretary Wright acted outside the authority delegated to him by the President under the DPA. All but one of California's theories challenge the alleged *consequences* of the DPA Order rather than the lawfulness of the DPA Order itself. And the only theory that might be said to challenge the DPA Order's statutory foundation rests on a misunderstanding of the powers that Congress conferred upon the President under the DPA. The Court thus should deny the Motion to Leave and the Motion for Preliminary Injunction and Stay that it seeks to augment.

Dated: August 10, 2026                    Respectfully submitted,


                                          By: /s/ *Nicholas McDaniel*

                                          BABST CALLAND
                                            Nicholas McDaniel (*pro hac vice*)
                                            nmcdaniel@babstcalland.com
                                          505 Ninth St., NW, Suite 602
                                          Washington, DC 20004
                                          Telephone: +1 202.853.3455
                                          Facsimile: +1 202.853.3491

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

6

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE

LATHAM & WATKINS LLP
  Jessica Stebbins Bina (Bar No. 248485)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501


HOLLAND & KNIGHT LLP
  Zachary James Watson (Bar No. 348019)
  *zachary.watson@hklaw.com*
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: +1 949.517.1451
  James W. Noe (*pro hac vice*)
  *jim.noe@hklaw.com*
800 17th St., NW, Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525
  Ashley Akers (*pro hac vice*)
  *ashley.akers@hklaw.com*
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Telephone: +1 703.720.8583

*Attorneys for Defendant-Intervenors*
*Sable Offshore Corp. and Pacific*
*Pipeline Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:26-cv-03396-SVW-SSCx
DEFENDANT-INTERVENORS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE