ROB BONTA
Attorney General of California
JEREMY BROWN (SBN 269159)
Supervising Deputy Attorney General
ALICIA ROESSLER (SBN 219623)
REBECCA HUNTER (SBN 356311)
BRIAN CALAVAN (SBN 347724)
KAVITA LESSER (SBN 233655)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1256
Telephone: (213) 269-6605
Fax: (213) 897-2638
E-mail: Jeremy.Brown@doj.ca.gov
Kavita.Lesser@doj.ca.gov

*Attorneys for Plaintiff*
*State of California*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STATE OF CALIFORNIA,**

*Plaintiff*,

**v.**

**CHRIS WRIGHT,** in his official capacity as Secretary of the U.S. Department of Energy; **UNITED STATES DEPARTMENT OF ENERGY,**

*Defendants*,

and

**SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY**,

*Intervenor-Defendants*.

No. 2:26-cv-3396-SVW-SSCx

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND STAY AGAINST ALL DEFENDANTS**

| | |
|---|---|
| Date: | September 14, 2026 |
| Time: | 1:30 p.m. |
| Courtroom: | 10A, 10th Floor |
| Judge: | Hon. Stephen V. Wilson |
| Trial Date: | Not Set |
| Action Filed: | March 31, 2026 |

## INTRODUCTION

Plaintiff State of California (California) submits this Reply in support of its Motion for Leave to file a Supplemental Brief in Support of its Preliminary Injunction Motion.

Contrary to the assertions of Defendants and Defendant-Intervenors, California has demonstrated good cause for the Court to exercise its discretion to allow California to file its supplemental brief addressing the merits of its new ultra vires cause of action. As California explained in its moving papers, on June 29, 2026, after the conclusion of briefing and oral argument on California's motion for preliminary injunction, Defendants and Defendant-Intervenors filed motions to dismiss challenging, in relevant part, California's Administrative Procedure Act (APA) claims as unreviewable. California maintains that the APA claims are reviewable. However, pursuant to Federal Rule of Civil Procedure 15, California has also timely filed a First Amended Complaint to add a separate and independent ultra vires cause of action, which provides this court with a separate and independent avenue to review the Wright Order. California's proposed supplemental brief will allow the Court to consider this ultra vires claim while deciding the pending motion for preliminary injunction, thereby avoiding the need for an entirely new motion for injunctive relief and conserving the resources of the Court and the parties.

California is also likely to succeed on the merits of its ultra vires claim, which is distinct and independent from its claims under the APA. California alleges that by invoking the Wright Order to authorize Sable to disregard state and federal laws and violate two court orders, Defendants took actions "that extend beyond delegated statutory authority – *i.e., ultra vires* actions" which are reviewable. *Murphy Co. v. Biden*, 65 F.4th 1122, 1129 (9th Cir. 2023). At its crux, California's ultra vires claim against Defendants implicates preemption as well as constitutional

separation of powers and Tenth Amendment principles. Because Defendants and Defendant-Intervenors cannot point to a statute that expressly precludes this Court's review of orders issued under the Defense Production Act (DPA), the relevant standard is whether Defendants' conduct is authorized by law. *Id*. at 1129-1131. It is not; therefore, California's claim that Defendants acted ultra vires is likely to succeed.

## ARGUMENT

### I. California has Good Cause to File its Supplemental Preliminary Injunction Brief

The relevant inquiry here is not whether California could have included an ultra vires claim in its original pleading, but whether supplemental briefing on a pending preliminary injunction motion is appropriate after plaintiff has filed an amended complaint—as of right—that adds a new claim. Faced with a similar procedural posture, the court in *Berg v. County of Los Angeles*, No. CV 20-7870 DMG (PDX), 2021 WL 4691154 (C.D. Cal. May 28, 2021) said, "yes." As in *Berg*, the arguments raised in California's pending motion for preliminary injunction remain valid because they still pertain to the claims raised in the First Amended Complaint, except that they do not address the merits of California's new ultra vires claim because that claim had not yet been presented. Rather than file a new motion for preliminary injunction to add an argument on California's likelihood of success on the merits of the newly added claim, "and thereby 'exalt form over substance,'" California has proposed a short supplemental brief limited to the new cause of action and has given Defendants and Defendant-Intervenors an opportunity to respond to that proposed brief. *Berg*, 2021 WL 4691154, at *1 n.2. California's supplemental brief would ensure that the Court's consideration of the pending preliminary injunction motion is complete, while conserving the resources of the Court and the parties by obviating the need for an entirely new and duplicative round of preliminary injunction briefing. The Court should exercise its discretion in

granting leave for California to file its supplemental brief. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) (acceptance of supplemental briefs is within the Court's "sound discretion").

And while Defendants suggest otherwise, California moved expeditiously for leave to file a supplemental brief. On July 20, 2026, California timely filed its First Amended Complaint under Federal Rule of Civil Procedure 15, and on July 22, 2026, California scheduled the required meet and confer conference with Defendants and Defendant-Intervenors to discuss the motion for leave. Pursuant to Local Rule 7-3—which requires a moving party to wait at least seven days after the meet and confer conference to file its motion—the earliest date that California could file the motion for leave was July 30, 2026. Thus, California sought leave of court within ten days, not three months as Defendants contend.

Granting California leave to file its supplemental brief will allow the Court to fully consider California's likelihood of success on the merits of its claims when deciding the pending motion for preliminary injunction. Accordingly, California has good cause to file its proposed supplemental preliminary injunction brief regarding the new cause of action added in the First Amended Complaint.

## II. CALIFORNIA IS LIKELY TO SUCCEED ON THE MERITS OF ITS ULTRA VIRES CLAIM

California's ultra vires claim is not, as Defendants and Defendant-Intervenors argue, a repeat of its APA claim. In both its original Complaint and First Amended Complaint, California asserts that the Wright Order is not a valid order under Title I of the DPA and thus violates the APA, because the DPA authorizes federal prioritization of orders and contracts, not the restart of a dormant pipeline with no applicable contracts or orders to prioritize. But separate and apart from these issues, the DPA also does not authorize the issuance of an order that defies (either expressly or impliedly) state and federal laws, judicial orders, and violates constitutional separation of powers and Tenth Amendment principles. Because

Defendants have used the Wright Order to allow Sable to ignore state and federal law and violate two court orders barring restart of the pipeline, their actions are ultra vires. Although California maintains that the Wright Order is both violative of the APA and ultra vires action, these two claims are distinct from each other.

Relying primarily on *NRC v. Texas*, 605 U.S. 665 (2025), Defendants and Defendant-Intervenors further contend that California's ultra vires claim is "meritless." ECF 80 at 3-4; *see also* ECF 79 at 6-7. But *NRC* merely reaffirmed the high bar to relief on a non-constitutional ultra vires claim where a statute—there, the Hobbs Act—expressly precluded review. *See* 605 U.S. at 681-683. Because California's claims against Defendants implicate *constitutional* concerns, and no statute expressly precludes review, the relevant standard remains the one established in *Murphy Co.*, 65 F.4th at 1129-1131 (9th Cir. 2023).[1]: whether the challenged conduct is authorized by law. Accordingly, Defendants remain subject to a claim for acting ultra vires when they acted beyond the confines of the DPA. *See Murphy Co.,* 65 F.4th at 1131 ("plaintiffs advancing *ultra vires* claims must plead 'plausible factual allegations identifying an aspect of the designation that exceeds the President's statutory authority'" (citation omitted)). As explained in California's proposed supplemental brief, nothing in the DPA authorizes

[1] Defendant-Intervenors further assert that California cannot seek ultra vires review because California is not within the DPA's "zone of interests." ECF 80 at 5. The Court need not reach this issue because *Murphy* is controlling and does not impose that requirement. Further, the Ninth Circuit is "skeptical that there could be a zone of interests requirement for a claim alleging that official action was taken in the absence of all authority," like that which is asserted here. *Sierra Club v. Trump*, 929 F.3d 670, 700–01 (9th Cir. 2019); *accord Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794, 811 n.14 (D.C. Cir. 1987) (holding where a plaintiff challenges official action as ultra vires, the zone-of-interests test does not apply). As the Supreme Court has explained in other contexts, "the separation of powers is designed to preserve the liberty of all the people"; "[s]o whenever a separation-of-powers violation occurs, any aggrieved party with standing may file a constitutional challenge." *Collins v. Yellen*, 594 U.S. 220, 245 (2021) (citations omitted).

Defendants to use an order issued under the DPA in this unprecedented manner. *See* ECF 77-3 at 3. California's claim that Defendants acted ultra vires therefore is likely to succeed.

**CONCLUSION**

California respectfully requests that the Court grant it leave to file the supplemental brief in support of its pending motion for preliminary injunction and stay.

Dated: August 17, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY BROWN
Supervising Deputy Attorneys General
ALICIA ROESSLER
REBECCA HUNTER
BRIAN CALAVAN
Deputy Attorneys General

*/s/ Kavita Lesser*
KAVITA LESSER
Deputy Attorney General
*Attorneys for Plaintiff State of California*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff State of California, certifies that this brief is 5 pages in length, which complies with the page limit set by the Court's New Case Order, ECF 18 at 2.

Dated: August 17, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JEREMY BROWN
Supervising Deputy Attorneys General
ALICIA ROESSLER
REBECCA HUNTER
BRIAN CALAVAN
Deputy Attorneys General

*<u>/s/ Kavita Lesser</u>*
KAVITA LESSER
Deputy Attorney General
*Attorneys for Plaintiff State of California*