BABST CALLAND CLEMENTS & ZOMNIR, P.C.
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500

HOLLAND & KNIGHT LLP
Zachary James Watson (Bar No. 348019)
*zachary.watson@hklaw.com*
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: +1 949.517.1451

*Attorneys for Defendant-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*

*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THE STATE OF CALIFORNIA,

Plaintiff,

v.

CHRIS WRIGHT, in his official capacity as Secretary of the U.S. Department of Energy; UNITED STATES DEPARTMENT OF ENERGY,

Defendants,

and

SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY,

Intervenor-Defendants.

Case No. 2:26-cv-03396-SVW-SSCx

**INTERVENOR-DEFENDANTS SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF JOINDER AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A
Judge: Hon. Stephen V. Wilson

## NOTICE OF JOINDER

Intervenor-Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") hereby join in the Motion to Dismiss, ECF 85, brought by Defendants Chris Wright, in his official capacity as Secretary of the U.S. Department of Energy, and the U.S. Department of Energy (collectively, the "United States").

## BRIEF IN SUPPORT OF MOTION TO DISMISS

The State of California asks this Court to decide sweeping questions about the meaning and validity of the Defense Production Act, 50 U.S.C. § 4501 *et seq.* ("DPA"), under the guise of challenging Secretary Wright's order requiring Sable to restart oil transportation. *See* ECF 16-1 at 9–12 (the "DPA Order"). But just two days ago, this Court determined that California "has not demonstrated even a serious question as to the merits" because "[t]he DPA Order . . . is an allocation order, generally authorized by the plain language of Section 101" and "facially valid." ECF 82 at Page ID 2236–-38. As explained below, this Court need not reach a final merits decision on the scope of the DPA's statutory authorization or the nature of Secretary Wright's delegated authority. Instead, the Court should dismiss California's complaint for lack of reviewability and failure to state a claim.

California's two claims under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"), (Counts I and II) must be dismissed because the DPA Order is not reviewable under the APA. California's two constitutional claims (Counts III and IV) fail to state a claim: neither the separation-of-powers theory in Count III nor the anti-commandeering theory in Count IV alleges any cognizable violations. California's ultra vires claim (Count V) likewise fails to state a claim because California has not pleaded that the United States violated a specific statutory prohibition that it is entitled to enforce. And, finally, California has not shown that

it is within the DPA's zone of interests such that it has a cause of action for any of its claims.

**1. Counts I and II are unreviewable under the APA**. California must rely on the APA for judicial review because the DPA itself provides no private right of action. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 808 n.7 (9th Cir. 2006). But the APA extends only to "agency action." 5 U.S.C. §§ 702, 704. The President is not an "agency" under the APA and therefore out of respect for the separation of powers is not subject to review. *See Franklin v. Massachusetts*, 505 U.S. 788, 800–-01 (1992); *Dalton v. Specter*, 511 U.S. 462, 469–70 (1994).

When a cabinet official exercises delegated presidential power, the action qualifies as presidential action exempt from APA review. *Jensen v. Nat'l Marine Fisheries Serv.*, 512 F.2d 1189, 1190–91 (9th Cir. 1975) (holding that where authority is vested in the President and formally delegated to a cabinet secretary, "the Secretary's actions are those of the President"—regardless of the President's involvement in any particular decision—and "therefore by the terms of the APA the approval of the regulation at issue here is not reviewable"). Other courts agree. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 189 F. Supp. 3d 85, 100–02 (D.D.C. 2016), *aff'd*, 883 F.3d 895 (D.C. Cir. 2018); *NRDC v. U.S. Dep't of State*, 658 F. Supp. 2d 105, 111–13 (D.D.C. 2009). Secretary Wright acted here under presidential authority formally delegated by the President. *See* Exec. Order No. 14,391, 91 Fed. Reg. 13,199 (Mar. 13, 2026). Secretary Wright's action is accordingly unreviewable under the APA given that the statute provides no meaningful standard against which the court can evaluate the exercise of authority.[1] *See* 5 U.S.C. § 701(a)(2); 50 U.S.C.

[1] Even if this Court could exercise review, California's claims would fail on the merits because the DPA Order is a facially valid allocation order, supported by rational explanations for its issuance and promulgated in compliance with applicable regulations, and carrying general preemptive authority. *See* ECF 82 at Page ID 2238-44.

§§ 4511, 4554(a); *Hyatt v. Off. of Mgmt. & Budget*, 908 F.3d 1165, 1174 (9th Cir. 2018). Counts I and II must be dismissed.

**2. Count III fails to state a separation-of-powers claim**. California's separation-of-powers theory also fails. To start, this Court has already determined that the DPA Order rests on firm constitutional footing because it is based on express statutory authority to "compel private parties to allocate critical resources in the interest of national security interests" and implied statutory authority to preempt state law. ECF 82 at Page ID 2241–42. And it rejected California's preemption-based theory when it concluded that the DPA has broad preemptive power, because allowing states and localities to retain "*de facto* vetoes . . . would neuter the force of the act and compromise its policy goals." ECF 82 at Page ID 2241, 2244. Regardless, California's claims that Secretary Wright "exceeded his statutory authority are not 'constitutional' claims." *Dalton*, 511 U.S. at 462, 473. The Supreme Court has recognized a "well established" "distinction between claims that an official exceeded his statutory authority, on the one hand, and claims that he acted in violation of the Constitution, on the other." *Id.* at 474. The Constitution would be implicated only if Secretary Wright relied on it as an independent source of authority or the DPA were itself unconstitutional—claims that California does not make here. *Id.* at 473, 473 n.5. "[I]f every claim alleging that the President exceeded his statutory authority were considered a constitutional claim," that would twist the APA's nonreviewability of presidential actions "beyond recognition." *Dalton*, 511 U.S. at 474. California's theory is thus a statutory dispute reviewable only through the APA framework, and because APA review is unavailable, Count III should be dismissed.

**3. Count IV fails to state an anti-commandeering claim.** California's Tenth Amendment claim contends that the DPA Order compels the State to devote its property to Sable's operations. *See* ECF 72 at ¶ 170. The anti-commandeering

doctrine, however, bars only federal directives *aimed at states themselves*—not at private actors. *See Murphy v. NCAA*, 584 U.S. 453, 470 (2018). Here, the DPA Order obligates Sable, a private company, not California. As this Court has already recognized, this dooms California's anti-commandeering claim because the DPA Order "does not require California to take title or possession of anything [and] . . . certainly does not commandeer the California government to become an instrument of federal regulatory purposes.[2] ECF 82 at Page ID 22–45. Because the DPA Order is directed at a private party, the anti-commandeering doctrine has no application and Count IV should be dismissed.

**4. Count V fails to state an ultra vires claim.** California's ultra vires claims likewise fails. This Court has already rejected the premise of California's ultra vires claim, ECF 82 at Page ID 2240-44—and rightly so, because the DPA Order is an allocation order authorized under DPA § 101 and with preemptive effect authorized under DPA § 707. Count V must be dismissed for that reason alone.

But California fails even to state a claim on which relief may be granted. "Because ultra vires review could become an easy end-run around the limitations of . . . judicial-review statutes," the Supreme Court has "strictly limited nonstatutory ultra vires review to the 'painstakingly delineated procedural boundaries of [*Leedom v. Kyne*, 358 U.S. 184 (1958)].'" *Nuclear Regul. Comm'n v. Tex.*, 605 U.S. 665, 681 (2025) (quoting *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)). The *Kyne* exception "applies only when an agency has taken action entirely 'in excess of its delegated powers and contrary to a *specific prohibition*' in a statute." *Id.* at 666

[2] Any tension between the DPA Order and state law would present a preemption question, not a commandeering one. *See Murphy*, 584 U.S. at 470–71, 477–79; *New York v. Dep't of Just.*, 343 F. Supp. 3d 213, 232 (S.D.N.Y. 2018). Federal action that displaces state regulatory authority does not violate the Tenth Amendment so long as it rests on valid constitutional grounds. *See Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 291 (1981); *United States v. Hatch*, 722 F.3d 1193, 1202 (10th Cir. 2013). And as this Court held, Section 707 of the DPA preempts state laws that would impose "'liability arising as a consequence' of re-prioritization or allocation." ECF 82 at Page ID 2242.

(quoting *Ry. Clerks v. Ass'n for Benefit of Non-Cont. Emps.*, 380 U.S. 650, 660 (1965)) (emphasis in original). Additionally, "the prohibition at issue must confer rights upon the individual seeking ultra vires review." *Glob. Health Council v. Trump*, 153 F.4th 1, 20 (D.C. Cir. 2025) (citing *Kyne*, 358 U.S. at 190). An ultra vires cause of action will not lie "simply because an agency has arguably reached a conclusion which does not comport with the law." *Nuclear Regul. Comm'n*, 605 U.S. at 681.

Here, California fails to state an ultra vires claim because it focuses entirely on whether the DPA Order preempts or supersedes other laws and not whether the DPA Order was lawfully issued—the only thing at issue in an ultra vires claim. *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 154 (1982) (noting the distinction between the lawfulness of agency action and its preemptive effect). And just as dispositively, California fails to identify a specific prohibition under the DPA that is violated by the DPA Order—let alone that any such prohibition confers rights upon California. *See Nuclear Regul. Comm'n*, 605 U.S. at 681. Without these allegations, California fails to state an ultra vires claim and Count V must be dismissed without the Court ever needing to reach the merits.

**5. Counts I – V also fail because California is not within the DPA's zone of interests.** "[A] statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). California thus must show that it is within the zone of interests of the DPA not only for its APA claims, but also for its constitutional and ultra vires claims, because the equitable powers of the federal courts to hear those claims are themselves conferred by statute.[3] *Grupo Mexicano de*

[3] The Ninth Circuit rejected a zone-of-interests test for constitutional and ultra vires claims in *Sierra Club v. Trump*, 929 F.3d 670, 700–01 (9th Cir. 2019) (*Sierra Club*

*Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 475 (1982) (applying zone-of-interests test to establishment clause claim); *Boston Stock Exch. v. State Tax Comm'n*, 429 U.S. 318, 320 n.3 (1977) (same for dormant commerce clause). California cannot meet that requirement here because its asserted interests in enforcement of its environmental laws and sovereign property interests are outside the zone of interests of the DPA, which this Court has held is "to compel private industry, allocate resources, and incentivize domestic production for national defense." ECF 82 at Page ID 2241. California thus does not have a cause of action for its statutory, constitutional, or equitable claims and Counts I – V must be dismissed for this reason, as well.

* * *

Because California's claims "fail[] as a matter of law, granting leave to amend would be futile." *Oei v. N. Star Cap. Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1104 (C.D. Cal. 2006). The United States' motion to dismiss thus should be granted with prejudice.

**Dated**: August 21, 2026

Respectfully submitted,

By: /s/ *Nicholas McDaniel*

BABST CALLAND CLEMENTS & ZOMNIR, P.C.
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*

---

*I*), and *Sierra Club v. Trump*, 963 F.3d 874, 893 (9th Cir. 2020) (*Sierra Club III*). But *Sierra Club I* was impliedly disapproved of by the Supreme Court in *Trump v. Sierra Club*, 588 U.S. 930 (2019) (*Sierra Club II*), which stayed the injunction at issue in that case in part because "the Government . . . made a sufficient showing . . . that the plaintiffs have no cause of action . . . ." And *Sierra Club III* then was vacated by the Supreme Court in *Biden v. Sierra Club*, 142 S. Ct. 46 (2021) (*Sierra Club IV*), in light of changed circumstances due to a new presidential administration. To the extent that this Court considers either *Sierra Club I* or *Sierra Club III* to be binding precedent, Sable reserves the right to argue that they were wrongly decided. Sable further reserves the right to argue that *Murphy Co. v. Biden*, 65 F.4th 1122 (9th Cir. 2023), was wrongly decided to the extent that it held that an ultra vires cause of action lies to challenge actions by the President.

505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

HOLLAND & KNIGHT LLP
Zachary James Watson (Bar No. 348019)
*zachary.watson@hklaw.com*
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: +1 949.517.1451
James W. Noe (*pro hac vice*)
*jim.noe@hklaw.com*
800 17th St., NW, Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525
Ashley Akers (*pro hac vice*)
*ashley.akers@hklaw.com*
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Telephone: +1 703.720.8583

*Attorneys for Defendant-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*