James P. Duffy (*pro hac vice* forthcoming)
Ridgeline Center for Law and Policy
712 H Street NE, Suite 90006
Washington, DC 20002
(802) 233-7967
jay.duffy@ridgelinecenter.org

Cara Horowitz (Bar No. 220701)
405 Hilgard Avenue
Los Angeles, CA 90095
(310) 206-4033
Horowitz@law.ucla.edu

*Attorneys for* Amici Curiae

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STATE OF CALIFORNIA,

*Plaintiff*,

v.

CHRIS WRIGHT, in his official capacity as Secretary of the U.S. Department of Energy; UNITED STATES DEPARTMENT OF ENERGY,

*Defendants*,

and

SABLE OFFSHORE CORP., PACIFIC PIPELINE COMPANY,

*Intervenor-Defendants*.

Case No. 2:26-cv-3396-SVW-SCC

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES OF AMICI CURIAE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

| | |
|---|---|
| Hearing Date: | October 5, 2026 |
| Time: | 1:30 pm |
| Courtroom: | 10A, 10th Floor |
| Judge: | Hon. Stephen V. Wilson |
| Trial Date: | Not Set |
| Action Filed: | March 31, 2026 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2026, at 1:30 p.m.,[1] or as soon thereafter as the matter may be heard, proposed *Amici Curiae* respectfully move this Court for leave to file the [Proposed] Memorandum of Points and Authorities of *Amici Curiae* in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, attached hereto. Counsel for *Amici Curiae* initiated conferral with counsel for the parties regarding this Motion and proposed Memorandum on September 1, 2026, by email. Plaintiff consents to the requested relief; Defendants and Intervenor-Defendants do not consent and will decide whether to oppose after this Motion and Memorandum are filed.

This Motion is made pursuant to this Notice of Motion and Motion, the attached Memorandum, all pleadings and papers on file in this action, and such further argument as the Court may permit.

## MOTION FOR LEAVE TO FILE *AMICI CURIAE* MEMORANDUM

Proposed *Amici Curiae* respectfully move for leave to file the attached Memorandum for the following reasons:

1. District courts possess broad discretion to permit *amicus* participation, and such participation is particularly appropriate where the case presents complex issues of substantial public importance and constitutional structure. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

[1] Counsel for proposed *Amici Curiae* believe that this Motion is suitable for resolution on the papers. Counsel identify October 5, 2026 as a proposed hearing date in accordance with Local Rule 6-1 and this Court's "Law and Motion Scheduled," https://apps.cacd.uscourts.gov/Jps/honorable-stephen-v-wilson; if the Court plans to hold a hearing on this Motion, Counsel suggests that it be combined with the Court's scheduled hearing on Defendants' Motion to Dismiss Plaintiff's Amended Complaint on September 28, 2026, *see* ECF No. 78.

2. There are no rigid prerequisites for *amicus* status. *Amici* need only demonstrate that their participation will assist the Court by offering a perspective or information that supplements the parties' presentations. *See Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Courts have generally "exercised great liberality" in permitting *amicus* participation, *Andrikos v. Pac. Mar. Ass'n*, No. 2:19-CV-10421-GW (JCx), 2021 U.S. Dist. LEXIS 273904, at *4–5 (C.D. Cal. June 30, 2021) (internal quotation marks and citations omitted), as long as that participation "is useful to or otherwise desirable to the court," *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (internal quotation marks and citations omitted). Further, "this Court has generally found it preferable to err on the side of permitting such briefs," including where *amici* have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at 905–06 (internal quotation marks and citations omitted); *see also FTC v. Live Nation Ent., Inc.*, No. 2:25-cv-08884-MEMF-MAA, 2026 U.S. Dist. LEXIS 36376, at *6 (C.D. Cal. Feb. 17, 2026) (similar); *Merritt v. Barclays PLC*, No. 2:23-cv-09217-MEMF-KS, 2026 U.S. Dist. LEXIS 40373, at *6 (C.D. Cal. Feb. 19, 2026) (similar); *Duronslet v. Cty. of L.A.*, No. 2:16-cv-08933-ODW (PLAx), 2017 U.S. Dist. LEXIS 213736, at *3–4 (C.D. Cal. Jan. 23, 2017) (similar).

3. This case raises fundamental questions of administrative law and separation of powers, including the scope of authority that Congress delegated through the Defense Production Act of 1950 ("DPA"), 50 U.S.C. §§ 4501 et seq., and judicial scrutiny of Executive Branch invocations of national defense or emergency authority to satisfy statutory prerequisites. These issues extend well beyond the immediate parties, implicating Congress's role in defining—and the courts' role in enforcing—the limits of authority delegated to the Executive Branch.

4. Proposed *Amici Curiae* include Members of Congress, Senators Sheldon Whitehouse (RI), Alex Padilla (CA), Adam Schiff (CA), Richard Blumenthal (CT), and Tammy Duckworth (IL), and Representatives Salud Carbajal (CA-24), Jared Huffman (CA-2), Nancy Pelosi (CA-11), Zoe Lofgren (CA-18), Ted Lieu (CA-36), Nanette Díaz Barragán (CA-44), Julia Brownley (CA-26), Laura Friedman (CA-30), Sydney Kamlager-Dove (CA-37), Mike Levin (CA-49), Sam Liccardo (CA-16), Doris Matsui (CA-7), Dave Min (CA-47), Kevin Mullin (CA-15), and Jimmy Panetta (CA-19).

5. These members of Congress have a strong institutional interest in preserving Congress's constitutional and statutory role in defining the scope of Executive Branch authority. Many represent California and/or serve on committees with jurisdiction over energy and the environment and national security. Proposed *Amici Curiae* therefore have a particular interest in ensuring that the Executive Branch exercises its authority under the DPA only when the statute's required predicates are satisfied and within the bounds Congress prescribed.

6. Proposed *Amici Curiae* also include Professor Paasha Mahdavi, an Associate Professor of Political Science and Affiliated Professor of Environmental Science & Management at the University of California, Santa Barbara, where he directs the Energy Governance and Political Economy Lab. His research on the political economy of the oil and gas industry demonstrates relevant expertise concerning Defendant-Intervenor Sable Offshore Corporation's ("Sable") production and the domestic energy markets implicated by the Energy Secretary Wright's March 13, 2026 order ("Wright Order") instructing Sable to operate its Santa Ynez Pipeline System (lines CA-324 and CA-325).

7. The Memorandum will assist the Court by demonstrating the need for judicial scrutiny of whether the Executive Branch has satisfied the statutory prerequisites that Congress imposed in the DPA as guardrails against misuse. Specifically, the

Memorandum will inform the Court's determination of whether the Wright Order is appropriately justified by Executive assertions of national-security and emergency authority or whether the Order instead reflects the Administration's corporate rescue operation for a political ally in dire financial straits and overt preference for fossil-fuel development at the expense of all other concerns. The Memorandum also provides factual and institutional context concerning how the military obtains refined petroleum through DLA Energy—a component of the U.S. Defense Logistics Agency, which is within the Department of War—and the disconnect between Sable's crude oil and any identified military need for refined fuel products.

8. No party will be prejudiced by this Motion. Plaintiffs consent indicates that they will not be prejudiced, and Proposed *Amici Curiae* submit this Memorandum seven days prior to the due date for Defendants' Reply, *see* ECF No. 78, which is reasonable in light of the expedited schedule in place.

9. Local Rule 11-6.1 indicates that memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five pages, as does this Court's New Case Order, ECF No. 18, at 2. The Memorandum is twelve pages (excluding the cover page, table of contents, and table of authorities), which is half the length of the twenty-five-page limit, in accordance with Federal Rule of Appellate Procedure 29(a)(5) and is the same length as the Court's twelve-page limit for replies in this case, *see* ECF No. 18 at 2.

10. Proposed *Amici Curiae* submit this Motion and Memorandum solely in their individual capacities. Pursuant to L.R. 7.1-1, the undersigned counsel of record for certify that no proposed *Amici Curiae* have a pecuniary interest in the outcome of this case. No counsel for any party authored the proposed Memorandum in whole or in part, and no person or entity other than *Amici Curiae* or their counsel made any monetary contribution intended to fund its preparation or submission.

## CONCLUSION

For the foregoing reasons, proposed *Amici Curiae* respectfully request that the Court grant leave to file the proposed Memorandum attached to this Motion.

Dated: September 4, 2026

Respectfully submitted,

/s/ Cara Horowitz

Cara Horowitz (Bar No. 220701)
405 Hilgard Avenue
Los Angeles, CA 90095
(310) 206-4033
Horowitz@law.ucla.edu

James P. Duffy (*pro hac vice* forthcoming)
Ridgeline Center for Law and Policy
712 H Street NE, Suite 90006
Washington, DC 20002
(802) 233-7967
jay.duffy@ridgelinecenter.org

*Attorneys for* Amici Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I served a copy of the foregoing Motion, attached [Proposed] Memorandum of Points and Authorities of *Amici Curiae* in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and [Proposed] Order via CM/ECF to all parties.

Dated: September 4, 2026

/s/ Cara Horowitz
Cara Horowitz (Bar No. 220701)
405 Hilgard Avenue
Los Angeles, CA 90095
(310) 206-4033
Horowitz@law.ucla.edu

*Attorney for* Amici Curiae