ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General
IAN M. SWENSON
Email: Ian.Swenson@usdoj.gov
Senior Counsel
U.S. Department of Justice
Energy & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 532-5139

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

STATE OF CALIFORNIA,

Plaintiff,

v.

CHRIS WRIGHT, in his official capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF ENERGY,

Defendants,

and

SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY,

Intervenor-Defendants

Case No. 2:26-cv-03396-SVW-SSC

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Hearing Date: September 28, 2026
Time: 1:30 pm
Judge: Honorable Stephen V. Wilson

# TABLE OF CONTENTS


INTRODUCTION ........................................................................... 1

ARGUMENT ............................................................................... 2

I. California's Administrative Procedure Act Claims are Unreviewable Because They Challenge Presidential Action (Counts I and II). ........................................ 2

II. Even if the Defense Production Act Order were Agency Action, California's Arbitrary-and-Capricious Claim Is Unreviewable Because it Challenges Determinations Committed to Agency Discretion (Count II). ........................................ 4

III. Even Assuming Reviewability, the Court Should Again Reject California's Challenges under the APA ........................................ 6

IV. California Fails to State a Claim that the Defense Production Act Order Violates the Separation of Powers (Count III). ................. 7

V. California Fails to State a Claim that the Defense Production Act Order Violates the Tenth Amendment (Count IV). ..................... 8

VI. The Claim that Defendants Have Acted *Ultra Vires* by Issuing the Defense Production Act Order (Count V) Should Be Dismissed for Lack of Jurisdiction and Failure to State a Claim. ........................................ 10

CONCLUSION ............................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 801 F. Supp. 2d 383 (D. Md. 2011) ........ 3

*ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) ........ 9, 11

*Baker v. Carr*, 369 U.S. 186 (1962) ........ 5

*Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Ass'n for Benefit of Non-contract Emps.*, 380 U.S. 650 (1965) ........ 10

*Chairez v. Mayorkas*, 168 F.4th 1227 (9th Cir. 2026) ........ 2

*Cohen v. Apple Inc.*, 46 F.4th 1012 (9th Cir. 2022) ........ 7

*Dalton v. Specter*, 511 U.S. 462 (1994) ........ 4, 7, 8

*Dep't of Navy v. Egan*, 484 U.S. 518 (1988) ........ 5, 6

*Detroit International Bridge Co. v. Canada*, 189 F. Supp. 3d 85 (D.D.C. 2016) ........ 3, 4

*Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020) ........ 6

*East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) ........ 3

*El-Shifa Pharm. Indus. Co. v. United States*, 402 F. Supp. 2d 267 (D.D.C. 2005) ........ 4

*Franklin v. Massachusetts*, 505 U.S. 788 (1992) ........ 2

*Gros Ventre Tribe v. United States*, 469 F.3d 801 (9th Cir. 2006) ........ 2

*Heckler v. Chaney*,
470 U.S. 821 (1985) ....................5

*Hodel v. Va. Surface Mining & Reclamation Ass'n*,
452 U.S. 264 (1981) ....................8

*Jensen v. Nat'l Marine Fisheries Serv.*,
512 F.2d 1189 (9th Cir. 1975) .................... 2, 3, 4

*Knick v. Township of Scott*,
588 U.S. 180 (2019) ....................9

*Larson v. Domestic & Foreign Com. Corp.*,
337 U.S. 682 (1949) ....................10

*Lincoln v. Vigil*,
508 U.S. 182 (1993) ....................5

*Murphy Co. v. Biden*,
65 F.4th 1122 (9th Cir. 2023) .................... 10, 12

*Murphy v. NCAA*,
584 U.S. 453 (2018) ....................9

*Nebraska v. Su*,
121 F.4th 1 (9th Cir. 2024) ....................2, 3

*NRDC v. U.S. Department of State*,
658 F. Supp. 2d 105 (D.D.C. 2009) ....................3

*NRDC v. Winter*,
527 F. Supp. 2d 1216, 1234 (C.D. Cal. 2008) ....................6

*Nuclear Regul. Comm'n v. Texas,*
605 U.S. 665 (2025) .................... 10, 11, 12

*Public Citizen v. U.S. Trade Representative*,
5 F.3d 549 (D.C. Cir. 1993) ....................4

*Sherman-Bey v. Marshall*,
2010 WL 2949256 (C.D. Cal. July 22, 2010) ....................11

*Sierra Club v. Trump*,
929 F.3d 670 (9th Cir. 2019) ....................12

*Singh v. Clinton*,
618 F.3d 1085 (9th Cir. 2010) ....................5

*Sisseton–Wahpeton Oyate v. U.S. Department of State*, 659 F. Supp. 2d 1071 (D.S.D. 2009) ....... 3

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302 (2002) ....... 9

*Twenty-Nine Palms Band of Mission Indians v. Blanche*, 174 F.4th 1190 (9th Cir. 2026) ....... 5

*Webster v. Doe*, 486 U.S. 592 (1988) ....... 4

*Ziglar v. Abbasi*, 582 U.S. 120 (2017) ....... 6

**Statutes**

5 U.S.C. § 701(a)(2) ....... 4

5 U.S.C. § 702 ....... 2

5 U.S.C. § 704 ....... 2

**Other Authorities**

Elena Kagan, *Presidential Administration*, 114 Harv. L. Rev. 2245 (2001) ....... 4

## INTRODUCTION

The Court can dismiss this case for the same reasons the Court denied California's Motion for a Preliminary Injunction. *See* ECF 82. The Court held that California "has not demonstrated even a serious question as to the merits" of its claim. *Id.* at 29. The Court held there is "a thoroughly rational explanation for the DPA Order that is more than sufficient to satisfy arbitrary and capricious review." *Id.* at 32. The Court held the DPA Order is not contrary to DOE regulations and that any potential error would be harmless. *Id.* at 32-33. The Court held the DPA Order is a lawful application of the DPA. *Id.* at 33-37. The Court "disagree[d]" with California's arguments that the DPA did not authorize Executive branch officials to preempt state law in the manner at issue in this case. *Id.* at 34. The Court rejected California's arguments under separation-of-powers and Tenth Amendment principles. *Id.* at 37-38. And the Court rejected California's *ultra vires* claim. *Id.* at 31 n.15, 33-37. In its opposition, California barely puts up a fight, acknowledging the Court's Preliminary Injunction Order "leave[s] little active dispute at this stage." ECF 92 at 1. The Court can now end the dispute by dismissing this case.

If more were needed, the Court could dismiss California's claims on multiple other grounds. Because the DPA Order involved (1) the exercise of presidential authority (2) based on a national-security determination, it is unreviewable under the Administrative Procedure Act ("APA"). California's Article III separation of powers claim is predicated on an alleged violation of the consent decree in *Plains*; but because the Court has modified that consent decree to harmonize it with the DPA Order, there can be no violation. California's Article I separation of powers claim is really a *statutory* claim that the Order exceeds the President's authority under the DPA. As for its Tenth Amendment claim, California is alleging a taking of property without compensation, but the State has not brought a takings claim under the Fifth Amendment. Finally, California improperly alleges an *ultra vires* claim to obtain jurisdiction over its otherwise unreviewable contrary-to-law APA claim. And

California fails to identify a specific statutory prohibition Defendants violated in issuing the Order and fails to show how issuing the Order exceeded the Defendants' delegated authority under the DPA. The Court should dismiss all counts.

## ARGUMENT

### I. California's Administrative Procedure Act Claims are Unreviewable Because They Challenge Presidential Action (Counts I and II).

Because the DPA does not create a private right of action, California's only statutory path to judicial review is the APA. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 808 n.7 (9th Cir. 2006). The APA waives sovereign immunity for, and structures judicial review around, "agency action." 5 U.S.C. §§ 702, 704; *Chairez v. Mayorkas*, 168 F.4th 1227, 1231 (9th Cir. 2026). Because the President is not an "agency," the APA's waiver and review provisions do not apply to presidential action. *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992). Under Ninth Circuit precedent, when an agency head exercises the President's delegated authority, the action is presidential action for purposes of the APA and is therefore unreviewable. *Jensen v. Nat'l Marine Fisheries Serv.*, 512 F.2d 1189, 1190-91 (9th Cir. 1975). The DPA gives the President authority to issue orders; the President delegated that authority to the Secretary of Energy; and the Secretary issued the DPA Order. Under *Jensen*, the DPA Order is thus presidential action and "by the terms of the APA . . . is not reviewable." *Id.* at 1191; *Franklin*, 505 U.S. at 800-01 (holding that the terms of the APA do not permit review of presidential action). Accordingly, the Court should dismiss Counts I and II of the Complaint under Rule 12(b)(1). Alternatively, the Court should dismiss under Rule 12(b)(6).

California (at 18) is wrong that *Nebraska v. Su*, 121 F.4th 1 (9th Cir. 2024) rejected the principle that when an agency head exercises the President's delegated authority the action is presidential action for purposes of the APA. In *Su*, the Ninth Circuit applied APA review to an agency rule that implemented an Executive Order. *See* 121 F.4th at 15-16. That rule was promulgated by "notice and comment"

following an Executive Order that directed the agency to conduct a rulemaking; the agency action subject to APA review was not issued pursuant to a delegation of presidential authority. *Id.* at 4-5. Separately, the Ninth Circuit determined whether the President himself was authorized by the statute to issue a binding mandate on federal contractors. *Id.* at 7-14. The Ninth Circuit did not apply APA review to the President's actions and did not hold that APA review applies to agency actions taken pursuant to a delegation of presidential authority.[1]

Plaintiffs (at 18-19) acknowledge that *Jensen* held that where the President had delegated authority to the Secretary, "the Secretary's actions are those of the President" and are "not reviewable" under "the APA." *Jensen*, 512 F.2d at 1191. Plaintiffs attempt to distinguish *Jensen* as involving the President's unreviewable "Constitutional authority" rather than the President's unreviewable DPA authority at issue here. Opp. at 19. But the source of the authority doesn't matter; the actions of the President's delegee "are those of the President" and are not reviewable under the APA. *Jensen*, 512 F.2d at 1191.[2] And even if the source of authority did matter, as explained below, the President's DPA determinations are unreviewable. *See infra* II.

Plaintiffs (at 20) misstate Defendants' position: Defendants do not "argue that an agency action downstream of a Presidential action is itself functionally

---

[1] California (at 18) also cites *East Bay Sanctuary Covenant v. Biden*, but that case involved a challenge to an agency rule promulgated pursuant to a statutory delegation of authority to the agency. 993 F.3d 640, 659, 665 n.7 (9th Cir. 2021), *overruled on other grounds*, *Ariz. All. for Retired Ams. v. Mayes*, No. 22-16490, 2026 WL 2277101 (9th Cir. Aug. 7, 2026).

[2] California's (at 19-20) attempts to distinguish *Detroit International Bridge Co. v. Canada*, 189 F. Supp. 3d 85, 101 (D.D.C. 2016); *Ancient Coin Collectors Guild v. U.S. Customs and Border Protection*, 801 F. Supp. 2d 383, 404 (D. Md. 2011); *NRDC v. U.S. Department of State*, 658 F. Supp. 2d 105, 111 (D.D.C. 2009); and *Sisseton-Wahpeton Oyate v. U.S. Department of State*, 659 F. Supp. 2d 1071, 1081 (D.S.D. 2009) on these same grounds similarly fail.

presidential and shielded from review." Review is available for "actions involving authority delegated by Congress to an *agency*" but "directed by the President." *Detroit Int'l Bridge*, 189 F. Supp. 3d at 104 (emphasis added) (quoting Elena Kagan, *Presidential Administration*, 114 Harv. L. Rev. 2245, 2351 (2001)). But where the President has delegated authority and the agency has exercised that presidentially delegated authority, "the Secretary's actions are those of the President" and are "not reviewable" under "the APA." *Jensen*, 512 F.2d at 1191.

Plaintiffs (at 20-21) cannot distinguish *Dalton* or *El-Shifa* on the grounds that "the President himself took the final action." Both cases held that presidential actions "are not subject to review pursuant to the APA." *El-Shifa Pharm. Indus. Co. v. United States*, 402 F. Supp. 2d 267, 273 (D.D.C. 2005) (citation omitted), *aff'd,* 559 F.3d 578 (D.C. Cir. 2009), *aff'd,* 607 F.3d 836 (D.C. Cir. 2010) (en banc). *See also Dalton v. Specter*, 511 U.S. 462, 470-71 (1994). Here, because the President delegated DPA authority to the Secretary, "the Secretary's actions are those of the President" and are "not reviewable" under "the APA." *Jensen*, 512 F.2d at 1191. Neither *Dalton* nor *El-Shifa* limits the President's ability to delegate or holds that a delegation makes otherwise unreviewable action reviewable. Nor does *Public Citizen v. U.S. Trade Representative*, which held that Presidential action is "clearly not reviewable under the APA" without analyzing the effects of a presidential delegation. 5 F.3d 549, 551-52 (D.C. Cir. 1993).

**II. Even if the Defense Production Act Order were Agency Action, California's Arbitrary-and-Capricious Claim Is Unreviewable Because it Challenges Determinations Committed to Agency Discretion (Count II).**

Even if the Court were to conclude that the DPA Order constituted agency action, APA review would still be unavailable for Count II because the APA limits judicial review "to situations in which … the agency action is not committed to agency discretion by law." *Webster v. Doe*, 486 U.S. 592, 599 (1988); 5 U.S.C. § 701(a)(2). Agency action is committed to agency discretion if "the statute is drawn

so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Review is also unavailable for "certain categories" of actions "traditionally regarded as committed to agency discretion." *Lincoln v. Vigil*, 508 U.S. 182, 191-93 (1993).

Here, the DPA Order rested on two distinct grounds: the Secretary's national-defense determination under section 4511(a) and his energy-production determination under section 4511(c). Both determinations are committed to his discretion and are thus unreviewable under the APA. *See* ECF 85-1 at 9-12. But even if the Court were to find that the latter determination under section 4511(c) were reviewable, the Court should still dismiss Count II because the unreviewable national-security determination under section 4511(a) is independently sufficient to sustain the DPA Order. *See Dep't of Navy v. Egan*, 484 U.S. 518, 529-30 (1988) (noting that "courts traditionally have been reluctant to intrude" into "national security affairs").

California (at 21-24) argues there are meaningful standards to apply to the President's national security determination but only cites alleged procedural errors and statutory violations that would support California's contrary-to-law APA claim (Count I). "Whether agency action is 'not in accordance with law' is a question of statutory interpretation, rather than an assessment of reasonableness." *Singh v. Clinton*, 618 F.3d 1085, 1088 (9th Cir. 2010) (collecting cases). An arbitrary and capricious claim, like Count II, questions the rationale for the agency action. *Twenty-Nine Palms Band of Mission Indians v. Blanche*, 174 F.4th 1190, 1197 (9th Cir. 2026). California points to no standard by which the Court could assess the rationale for the DPA Order's national security determination.[3]

California (at 22-23) fails to distinguish *Egan* by arguing *Egan* implicated a more significant national security interest than what is at issue here. In *Egan*, the

---

[3] California (at 22) cites *Baker v. Carr*, 369 U.S. 186 (1962), an irrelevant election law case that addressed "the political question doctrine." *Id.* at 211.

Supreme Court held the denial of a security clearance for a laborer at a naval facility was not reviewable because "courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Id.* at 520-21, 530-31. Here, the Secretary found the DPA Order was necessary "to promote the national defense." ECF 23-1 at 12. The Court has agreed the DPA Order is "based on a clear and present national security interest." ECF 82 at 14-15, 17-18, 30-32. Under *Egan*, the Court should reject California's invitation to judge the weight of the national security concerns cited by the President and the Secretary. In all events, the concerns cited by the President and Secretary are greater than those implicated by a single security clearance.[4]

Although California (at 23) cites *Ziglar v. Abbasi*, that case cited national security concerns as a reason to reject the Plaintiff's claims. 582 U.S. 120, 142-43 (2017). *Ziglar* does not support judicial second guessing of the President's and the Secretary's national security determinations. Nor does *NRDC v. Winter*, in which the Court "agree[d] that it may not review the President's determination of what is or is not in the paramount interests of the United States." 527 F. Supp. 2d 1216, 1234 (C.D. Cal. 2008) (quotation marks omitted).

## III. Even Assuming Reviewability, the Court Should Again Reject California's Challenges under the APA

In its Order Denying California's Motion for a Preliminary Injunction, the Court held that "even *assuming* reviewability, the DPA Order survives California's challenges under the APA." ECF 82 at 31. The Court held there is "a thoroughly rational explanation for the DPA Order that is more than sufficient to satisfy arbitrary and capricious review." *Id.* at 32. The Court held the DPA Order is not contrary to

---

[4] California (at 22) cites *Doe #1 v. Trump*, 957 F.3d 1050, 1067 (9th Cir. 2020) to argue that there are no national security concerns here because this case concerns "domestic economic matters." But *Doe* was a case about health insurance for immigrants while this case, as the Court has recognized, implicates military preparedness. ECF 82 at 14-15.

DOE regulations and that any potential error would be harmless. *Id.* at 32-33. And the Court held the DPA Order is a lawful application of the DPA. *Id.* 33-37. California has not moved for reconsideration of the Court's prior ruling. And while California (at 4-9, 11-15) restates its arguments from the Preliminary Injunction Motion, California does not explain how the Court erred by rejecting those arguments. Consistent with its prior ruling, the Court should dismiss Counts I and II under Rule 12(b)(6).

California (at 11-13) argues at length that the DPA Order "does not have broad preemptive force." But the DPA Order's preemptive effect is distinct from its legality. *See Cohen v. Apple Inc.*, 46 F.4th 1012, 1028 (9th Cir. 2022) (treating preemption and statutory authorization as separate questions). So even if California were right (it is not) that congressional authorization for preemption is required and was not provided in the DPA, that would simply mean that the DPA Order lacks preemptive effect. The Order would still be valid, just like a federal statute without preemptive effect is still a valid statute. In all events, the Court "disagrees with California's reading of the DPA" and has rejected California's preemption arguments, holding that the DPA Order is valid and preempts state law that conflicts with it. ECF 82 at 34.

## IV. California Fails to State a Claim that the Defense Production Act Order Violates the Separation of Powers (Count III).

California's Amended Complaint fails to state a claim that the DPA Order violates the separation of powers. *See* ECF 72 ¶¶ 156-66.

*First* California (at 9) "asserts that the DPA does not authorize the issuance of an order that defies (either expressly or impliedly) state and federal laws and judicial orders." But a claim that an Executive Branch official exceeded his statutory authority cannot be recast as an independent constitutional claim. *See Dalton*, 511 U.S. at 472-74. California (at 9) attempts to distinguish between its "separation-of-powers" claim that "the DPA does not authorize the issuance" of the Order and its

"APA claims" that the DPA does not authorize the Order's "restart of a dormant pipeline with no applicable contracts or orders to prioritize." But that argument only clarifies that both claims turn on the same faulty premise that the DPA does not authorize the DPA Order. *Dalton* bars constitutionalizing this statutory claim. 511 U.S. at 471-76. In all events, the Court has already held the DPA authorizes the DPA Order. ECF 82 at 33-37. And the Court has already held that the DPA Order does not violate the separation of powers. *Id.* at 37-38.

*Second*, California (at 14) asserts that the DPA Order "violate[s]" the consent decree in *United States v. Plains All American Pipeline, L.P.*, No. 20-cv-02415 (C.D. Cal.). But no provision of the consent decree limits the President's use of the authority Congress gave him in the DPA, and Plaintiffs cite none. The DPA Order does not conflict with the consent decree because, when the Order was issued in March 2026, the Office of the State Fire Marshal's authority under the consent decree had already been displaced based on the federal Pipeline and Hazardous Materials Safety Administration's December 2025 recognition that the Pipeline is interstate. *See* ECF 72 ¶ 52. And as California (at 15) recognizes, the Court has modified the consent decree to allow Sable to comply with both the consent decree and the Order. *See* ECF 82 at 12-16. The Court modified the consent decree because the DPA Order required the consent decree to be modified, ECF 82 at 12-16, which necessarily means that the Order does not violate the consent decree. In all events, any potential conflict between the DPA Order and the consent decree was resolved with that modification.

## V. California Fails to State a Claim that the Defense Production Act Order Violates the Tenth Amendment (Count IV).

The Supreme Court "long ago rejected the suggestion" that the Federal Government "invades areas reserved to the States by the Tenth Amendment simply because it exercises its authority ... in a manner that displaces the States' exercise of their police powers." *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S.

264, 291 (1981). Here, the Secretary acted pursuant to a valid federal statute—indeed, California does not challenge the DPA's facial constitutionality—and the Order is not facially unconstitutional under the Tenth Amendment.[5]

To the extent California (at 15-17) relies on "an as-applied" Tenth Amendment challenge to the Order, that challenge fails as well. First, California makes the statutory, not constitutional, argument that the DPA does not authorize the Order. The Court has rejected this argument, ECF 82 at 33-37, which does not implicate the Tenth Amendment.

Second, California (at 16) contends that "requiring the State to devote" land to "federal use" is not a taking but "commandeering." But the anticommandeering doctrine prohibits the Federal Government from "issu[ing] orders *directly* to the States." *Murphy v. NCAA*, 584 U.S. 453, 470 (2018) (emphasis added). The DPA Order does not conscript California into doing anything. ECF 82 at 37-38. Rather, it imposes an obligation directly on *Sable*, not California. True, the Order may affect California "indirectly," but indirect effects do not trigger the anticommandeering doctrine. *Murphy*, 584 U.S. at 470-71. If anything, the appropriate doctrine for the complained of "interference with property rights" that does not involve "physical takings" would be the "regulatory takings" jurisprudence. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 323-25 (2002). But California has not pleaded a takings claim, which would fail anyway because taking property is not unconstitutional—only failing to provide just compensation—and claims for compensation must be brought in the Court of Federal Claims. *See Knick v. Township of Scott*, 588 U.S. 180, 189-90, 205 (2019).

Finally, the Court has already "easily disposed" of California's anti-commandeering challenge in its Order Denying California's Motion for a

[5] California (at 15-17) "forfeited" any argument that the Order is facially unconstitutional because California "did not make this argument in its brief." *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1076 n. 15 (9th Cir. 2015).

Preliminary Injunction. ECF 82 at 37-38. California (at 15-17) does not even attempt to argue that the Court should decide the motion to dismiss differently. The Court should again apply the reasoning from that prior order and dismiss Count IV.

**VI. The Claim that Defendants Have Acted *Ultra Vires* by Issuing the Defense Production Act Order (Count V) Should Be Dismissed for Lack of Jurisdiction and Failure to State a Claim.**

*Ultra vires* review "applies only when an agency has taken action entirely 'in excess of its delegated powers and contrary to a *specific prohibition*' in a statute." *Nuclear Regul. Comm'n v. Texas (NRC)*, 605 U.S. 665, 681 (2025) (quoting *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Ass'n for Benefit of Non-contract Emps.*, 380 U.S. 650, 660 (1965)). "The Supreme Court has emphasized that dismissal for lack of jurisdiction is warranted if the alleged claim of statutory excess is made 'solely for the purpose of obtaining jurisdiction.'" *Murphy Co. v. Biden*, 65 F.4th 1122, 1131 (9th Cir. 2023) (quoting *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 690 n.10 (1949)). California's *ultra vires* claim fails for three independent reasons.

*First*, the Court should dismiss Plaintiff's *ultra vires claim* because it "is made 'solely for the purpose of obtaining jurisdiction.'" *Id.* (quoting *Larson*, 337 U.S. at 690 n.10). After the United States moved to dismiss Count I of Plaintiff's Complaint for lack of subject matter jurisdiction, *see* ECF 69, California responded by amending its Complaint to add an *ultra vires* claim based on the same contrary-to-law claim that the Order was issued in excess of Defendants' authority under the DPA, ECF 72 ¶¶ 176-81. The only purpose of the *ultra vires* claim is to circumvent the APA's limits on reviewability, *see supra* § I, and to obtain jurisdiction over California's statutory challenges to the DPA Order. Although California (at 9 n.4) argues in a footnote that it did not add its *ultra vires* claim "to circumvent [the] APA's limit on reviewability" because California's "constitutional claims were always part of the complaint," that argument has no basis in the Amended

Complaint. California's *ultra vires* claim is based on the allegation that "Defendants have acted contrary to law and outside the authority granted to them under the DPA." ECF 72 ¶ 179. *See also id.* ¶ 180 ("Defendants have acted in excess of their delegated powers under the DPA"). California "may not amend pleadings in argumentative briefs." *Sherman-Bey v. Marshall*, 2010 WL 2949256, at *4 (C.D. Cal. July 22, 2010). Even if California could amend the pleadings in its brief, California's brief reiterates that its *ultra vires* claim is based on the statutory argument that "Defendants have acted in excess of their delegated powers under the DPA." Opp. at 10. The Court should dismiss Count V for lack of jurisdiction.

*Second*, the Order is not "contrary to a *specific prohibition* in a statute." *NRC*, 605 U.S. at 681 (quotation marks omitted). In its Amended Complaint, California points to no specific prohibition the Order even allegedly contravenes. *See* ECF 72 ¶¶ 176-81. And California (at 10-11) fails to identify a specific prohibition in its Opposition. California "forfeited" any argument that the Order is contrary to a specific prohibition because California "did not make this argument in its brief." *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1076 n.15 (9th Cir. 2015). The *ultra vires* claim should be dismissed under Rule 12(b)(6).

*Third*, the Order is not "entirely in excess of [the Secretary of Energy's] delegated powers," *NRC*, 605 U.S. at 681 (quotation marks omitted). The Court has already held the Order is a lawful exercise of the DPA. ECF 82 at 33-37. And the Court has already rejected California's *ultra vires* claim. *Id.* at 31 n.15. The Court should dismiss Count V for the reasons articulated in the Court's Order Denying California's Motion for a Preliminary Injunction.

California (at 10) misrepresents *NRC* by claiming that case "merely reaffirmed the high bar to relief on a non-constitutional ultra vires claim where a statute…expressly precluded review." In fact, *NRC* held that *ultra vires* review was unavailable to the parties because the Hobbs Act *provided* "an alternative path to judicial review." *NRC*, 605 U.S. at 682. And if *ultra vires* review had been

available, the parties' claims would have failed because the claims were "typical statutory-authority argument[s]." *Id.* at 682. *NRC* sets the standard for California's *ultra vires* claim, which merely restates California's contrary-to-law APA claim. *See* ECF 72 ¶¶ 176-81. While California relies on *Murphy Co. v. Biden*, that case, like *NRC*, required the Plaintiff asserting an *ultra vires* claim to allege the Defendant acted in excess of statutory authority and in contravention of a specific statutory prohibition. *See* 65 F.4th 1122, 1131 (9th Cir. 2023) ("Murphy's particularized allegations that the O & C Act restricts the President's designation powers under the Antiquities Act satisfies the jurisdictional standard set forth here and elsewhere."). Finally, California cites *Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) to argue that its *ultra vires* claim should be reviewed under ordinary statutory interpretation principles. But that case held there is an "equitable cause of action" "to sue to enjoin unconstitutional actions" by the government. *Id.* *Sierra Club* did not address the standard for claims that the government has acted in excess of statutory authority. California's statutory basis for its *ultra vires* claim fails under the standard set by *NRC*. And even if ordinary statutory interpretation applied to California's *ultra vires* claims, the Court has already held the DPA is a lawful exercise of the DPA. ECF 82 at 33-37.

**CONCLUSION**

The Court should grant Defendants' Motion to Dismiss.

DATED: September 11, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE
ROBERT N. STANDER
Deputy Assistant Attorneys General

*/s/ Ian M. Swenson*
Ian M. Swenson
Email: Ian.Swenson@usdoj.gov
Senior Counsel (CA Bar No. 344260)

U.S. Department of Justice
Energy & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 532-5139

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Federal Defendants, certifies that this brief contains 12 pages, which:

_X_ complies with the Court's New Case Order, ECF 18 at 2, setting a 12-page limit.

DATED: September 11, 2026

/s/ *Ian M. Swenson*
Ian M. Swenson